In the Matter of CHOICE VEND, INC., Debtor.

Patrick W. BOATMAN, Plaintiff,

v.

E.J. DAVIS COMPANY, Defendant.

Bankruptcy No. 2–81–01305.
Adv. No. 2–84–0263.

United States Bankruptcy Court,
D. Connecticut.

April 10, 1985.

Patrick W. Boatman, Berman & Sable, Hartford, Conn., for plaintiff.

Martin W. Hoffman, Hartford, Conn., for defendant.

## MEMORANDUM OF DECISION AND ORDER

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

This ruling deals with the defendant's motion to dismiss the plaintiff-trustee's complaint on the ground that the trustee's cause of action is barred by a statute of limitations. The movant, E.J. Davis Company (Davis), is the defendant in an adversary proceeding commenced on September 26, 1984, by the trustee, pursuant to Bankruptcy Code § 547, to avoid alleged preferential transfers to Davis totaling $50,326.94. The complaint alleges that the debtor, Choice Vend, Inc., filed a voluntary chapter 11 petition on December 21, 1981, and that the plaintiff, Patrick W. Boatman, is the court-appointed trustee of the estate. The relevant statute of limitations referred to in Davis' motion is Bankruptcy Code § 546(a), which provides as follows:

An action or proceeding under section 544, 545, 547, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; or

(2) the time the case is closed or dismissed.

It is undisputed that the debtor's case has not been closed or dismissed, and that the trustee's action was commenced within two years of the trustee's appointment.[1]

### II.

Davis' first claim is that by equating the status of the debtor-in-possession with that of an appointed trustee, the two-year period referred to in § 547(a)(1) starts when a voluntary petition is filed. Section 1107(a) of the Bankruptcy Code grants a debtor-in-possession all the rights and imposes all the duties of a trustee.[2] Davis thereby concludes that the reference to a trustee in § 546(a)(1) was intended to include a debtor-in-possession. No authority is cited for this proposition, and the court is aware of none. 4 *Collier on Bankruptcy* § 546.02 at p. 546–8 to 546–9 (15th ed.1984) states the prevailing view as follows:

Note that the two year limitation runs from the appointment of a trustee under section 702, 1104, 1163 or 1302. Thus if a debtor in possession is serving in a case under chapter 11 and no trustee has been appointed, the two year period will not begin to run unless and until a trustee is appointed. The better view is that [§] 1107(a), which gives the debtor powers of a trustee and subjects the debtor in possession to the limitations placed on a trustee, does not equate service of the debtor in possession with the appointment of a trustee for those purposes of [§] 546(a). If a trustee is appointed in a case under chapter 11 or in a case converted from chapter 11, he will have two years from the date of his appointment to commence actions pursuant 546(a).

I concur with the above statement, and deny this initial contention of Davis as unsupported and contrary to the clear language of the statute.

### III.

Davis next contends that this court should follow the holding of *Korvettes Inc. v. Sanyo Electric, Inc. (In re Korvettes Inc.)*, 42 B.R. 217 (Bankr.S.D.N.Y.1984). That court formulated "a rule of reason" in chapter 11 cases to set a limitation period for preference actions of "the longer of confirmation [of a plan] or two years from

---

1. The court appointed the trustee on February 7, 1983.

2. Section 1107(a) provides as follows:

Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

the reorganization filing date." *Id.* at 222. The *Korvettes* court found the phrase in § 546(a)(2) "the time the case is closed or dismissed" ambiguous because "the exact point of case closing is subject to interpretation and administrative activity." *Id.* at 221.[3] The court sought to cure the perceived ambiguity by the following holding:

> There must be some finality to the debtor in possession's ability to bring preference actions in order to afford creditors the repose that Congress must have intended in enacting Code Section 546(a).... As there is a statutory ambiguity with no helpful legislative history and no case law precedent in this district, it is necessary to explore the fashioning of a rule of reason so as to assure an equitable and logical interpretation of the applicability or nonapplicability of Code Section 546 to debtors in possession.... It is thus my view that the longer of confirmation or two years from the reorganization filing date should be the appropriate period for the bringing of preference actions for statute of limitations purposes.

*Id.* at 221–222. In the present case, the court confirmed a plan on October 16, 1982, and application of the *Korvettes* rule would time-bar the trustee's action.

I reject Davis' argument for the following reasons. In a narrow sense, *Korvettes* is distinguishable from the present proceeding because here a trustee has been appointed, albeit after confirmation of the plan, and there is no question as to the final date by which estate actions must be started. Conceivably, if the *Korvettes* court had before it a trustee's action with a two-year limitation period in place, that court would not have found it necessary to engage in "interstitial federal lawmaking." *Id.* at p. 222, n. 5.

■ On a broader plane, I believe the *Korvettes* ruling amounts to an intrusion of the legislative function, a judicial amendment of a statute. At least two courts[4] have adopted the position as above summarized by *Collier*. This position, despite the stated problem of when a case closes, survived the substantial amendment of the Bankruptcy Code by Congress in The Bankruptcy Amendments and Federal Judgeship Act of 1984, without any change in § 546(a). It may be presumed Congress was aware of this interpretation and desired no change. *Cf. James v. O'Bannon*, 715 F.2d 794, 805 (3d Cir.1983) (Where Congress adopts a new law incorporating sections of a prior law, Congress can normally be presumed to have had knowledge of the interpretation given to the incorporated law). *Air Transport Association of America v. PATCO*, 667 F.2d 316, 321 (2d Cir.1981) (Court can presume that Congress is aware of settled judicial construction of existing law, and that it intends to retain those remedies that it has left in place). Further, I find no ambiguity in the language of "the time the case is closed."[5]

---

**3.** This conclusion was supported as follows:

> Code Section 350(a) provides: 'After an estate is fully administered and the court has discharged the trustee, the court shall close the case.['] The phrase 'fully administered' is nowhere explained and the Rules lend no insight into a reasonably precise definition of the exact final moment when a case is officially closed. For example, Bankruptcy Rule 3022 may be read to indicate that a 'final decree' must be entered in order for a case to be 'closed'. However, Bankruptcy Rule 5009 follows the wording of Code Section 350(a) almost exactly in setting down the amorphous point when the case is 'fully administered' as the trigger for the closing of the case. Thus, the exact point of case closing is subject to interpretation and administrative activity. *See generally In re Silver Mill*, 23 B.R. 179 at

181 (declaring that 'the Code is not very clear on when a Chapter 11 case is closed') Moreover, under Section 350 and Rule 5009, the final act of administration could very well be a purely ministerial act of which the debtor and other parties would receive no notice. *Korvettes*, supra, pp. 220–221.

**4.** *See One Marketing Co., Inc. v. Addington & Associates, (In re One Marketing Co., Inc.)*, 17 B.R. 738 (Bankr.S.D.Tex.1982); *Edleman v. Gleason (In re Silver Mill Frozen Foods, Inc.)*, 23 B.R. 179 (Bankr.W.D.Mich.1982).

**5.** The phrase "the time a case is closed" appears in several other sections of the Bankruptcy Code. For example, in § 362(c), the automatic stay continues, *inter alia*, until "the time the case is closed."

The *Korvettes* court noted the difficulty in determining *when* a case is "closed", *see* note 3, *supra,* but Congress set the time a case is closed as the bar date, whatever the difficulty. I do not believe this impediment entitles a federal court to ignore what Congress has legislated. Courts cannot substitute their own ideas of what might be a wiser provision in place of a clear expression of legislative will. *Rosnick v. Aetna Casualty and Surety Co.,* 172 Conn. 416, 422, 374 A.2d 1076 (1977) ("A due regard for the differing functions of the legislative and judicial branches of government requires that the courts refrain from rewriting, under the pretext of interpretation, the clearly expressed language of a legislative enactment which the court deems to be preferable to that which the legislation requires.") *Central Trust Co. v. Official Creditors Comm. of Geiger Enterprises, Inc.,* 454 U.S. 354, 360, 102 S.Ct. 695, 698, 70 L.Ed.2d 542 (1982) ("While the Court of Appeals may have reached a practical result, it was a result inconsistent with the unambiguous language used by Congress.") "[W]hen the express language of a statute is clear, a court will not adopt a different construction absent clear legislative history contradicting the plain meaning of the words." *United States v. Holroyd,* 732 F.2d 1122, 1125 (2d Cir.1984). In the matter of § 546(a), that legislative history is not forthcoming.

In view of this ruling, it is unnecessary to take up the trustee's further contention that on grounds of equity the *Korvettes* rule should not be applied retroactively. At oral argument on the present motion, I advised the parties I would not consider Davis' argument on applying the doctrine of laches, since such argument was premised on factual underpinnings not before the court.

The motion by E.J. Davis Company to dismiss the trustee's complaint on the ground that it is time-barred is denied, and it is

SO ORDERED.