**In re KORVETTES, INC., Delbak Realty Corp., Gretna Realty Corp., Debtors.**

**KORVETTES, INC., et al., Debtors and Debtors in Possession and Official Unsecured Creditors Committee of Korvettes, Inc., et al., Debtors, Appellants,**

v.

**SANYO ELECTRIC, INC., Appellee.**

Bankruptcy Nos. 81B 11410, 81B 12080 and 81B 12251.

Adv. No. 83–6100–A.

84 Civ. 6804–CSH.

United States District Court, S.D. New York.

Nov. 25, 1986.

Booth, Marcus & Pierce, New York City, for appellant Official Unsecured Creditors Committee of Korvettes, Inc.; Edgar H. Booth, Claude D. Montgomery, Cindy S. Korman, of counsel.

Levin & Weintraub & Crames, New York City, for appellant Korvettes, Inc., et al., debtors, and debtors in possession; Mitchel H. Perkiel, of counsel.

Whitman & Ransom, New York City, for appellee Sanyo Elec., Inc.; Jeffrey A. Oppenheim, of counsel.

### MEMORANDUM OPINION
### AND ORDER

HAIGHT, District Judge:

This is an appeal from an order of the Bankruptcy Court for the Southern District of New York, Burton R. Lifland, Judge, dismissing the complaint filed by Korvettes, Inc., Debtors and Debtors in Possession ("Korvettes") and the Official Unsecured Creditors Committee of Korvettes, Inc., et al, Debtors ("Committee"), to set aside and recover a preferential transfer under 11 U.S.C. § 547(b) of the Bankruptcy Code. *In re Korvettes, Inc.,* 42 B.R. 217 (Bankr.S.D.N.Y.1984). The issue before the Court is whether the Bankruptcy Court erred in granting defendant Sanyo Electric, Inc.'s ("Sanyo") motion to dismiss plaintiff's complaint on the grounds that the proceeding was barred by the statute of limitations contained in section 546(a) of the Bankruptcy Code, 11 U.S.C. § 546(a), and by the equitable doctrine of laches.

Korvettes filed a petition for reorganization under Chapter 11 of the Bankruptcy Code on July 16, 1981 and was continued in possession of its assets and property. Korvettes alleges in its complaint that on April 24 and 28, 1981, while insolvent, it transferred property to Sanyo, a seller of consumer products, in the amount of $24,212 on account of an antecedent debt. On or about November 4, 1981, Sanyo filed a proof of claim in the case for $55,814.17. On December 15, 1982, an order was entered confirming Korvettes' plan of reorganization.

By summons and complaint filed November 17, 1983, Korvettes and the Committee initiated an adversary proceeding seeking an order: (a) voiding the alleged preferential payment and directing Sanyo to pay Korvettes the alleged amount of such preference plus interest and the costs of the proceeding; and (b) disallowing Sanyo's claim until Sanyo has repaid the alleged amount of the preference. The Bankruptcy Court dismissed the complaint, holding the claim time-barred.

For the reasons set forth below, I hold that Korvettes is not barred by the statute of limitations contained in section 546(a) or by the doctrine of laches from bringing its claim to set aside and recover a preferential transfer under 11 U.S.C. § 547(b).

### I. *Statute of Limitations*

#### A. *The Decision Below*

Section 546(a) provides:

(a) An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1103 or 1302 of this title; [and] [1]

(2) the time the case is closed or dismissed.

Defendant Sanyo contends here and contended below that subsection 546(a)(1) applies not only to trustees, but also to debtors in possession. In support of this contention, Sanyo cites section 1107 of the Code, which provides:

Subject to any limitations on a trustee under this Chapter ... a debtor in possession shall have all rights ... and powers, and shall perform all functions and duties ... as a trustee serving in a case under this Chapter.

11 U.S.C. § 1107. Since this adversary proceeding was commenced November 17, 1983, more than two years after Korvettes filed its Chapter 11 proceeding, Sanyo contends this action is barred by subsection 546(a)(1).

Korvettes and the Committee, on the other hand, assert here and asserted below that subsection 546(a)(1) of the Code does not treat debtors in possession as it treats trustees in bringing preference actions. Appellants argue that Congress specifically formulated subsection 546(a)(1) to apply only to trustees and not to debtors in possession and that the only time bar applicable to debtors in possession is subsection 546(a)(2). Thus, appellants contend, they were entitled to bring this adversarial proceeding at any time before the case was "closed or dismissed."

The Bankruptcy Judge determined that "neither of the polar positions espoused by the parties should be adopted." 42 B.R. at 219. He agreed with appellants that subsection 546(a)(1) does not equate service of debtors in possession with the appointment of trustees, and that a debtor in possession therefore need not commence actions to recover voidable preferential transfers within two years of the date the Chapter 11 petition is filed. *Id.* at 219–20. However, the Bankruptcy Judge rejected appellants' contention that the only time bar applicable to debtors in possession was subsection 546(a)(2). The Court wrote,

Such an open-ended interpretation of timeliness is indeed unacceptable to this Court in that its adoption would foment great uncertainty and confusion. This is because the point at which a case is officially "closed" is unclear under the Bankruptcy Code and the Rules of Bankruptcy Procedure....

Moreover, under Section 350 and Rule 5009, the final act of administration could very well be a purely ministerial act of which the debtor and other parties would receive no notice. Thus, to have the statute of limitations for bringing preference actions turn on this nebulous concept of case "closing" would clearly be unworkable. In addition, such open-ended interpretation also has great potential for working inequities in obviating all repose that creditors might enjoy were a more definite time period for the bringing of preference actions set down.

*Id.* at 220–21.

Finding the statute ambiguous, and "in order to afford creditors the repose that Congress must have intended in enacting Code section 546(a)," *id.* at 221, the Bankruptcy Judge "fashion[ed] ... a rule of reason" to apply as a time bar in cases where the debtor remains in possession. *Ibid.* After holding the corresponding state limitations period inapplicable, the Judge determined that the

longer of confirmation or two years from the re-organization filing date should be the appropriate period for the bringing of preference actions for statute of limitations purposes. Stated differently, a debtor in possession should be able to bring preference action until a re-organization case is confirmed, no matter how

---

1. 11 U.S.C. § 546(a)(1) was amended under the Bankruptcy Amendment and Federal Judgeship Act of 1984 (P.L. 98–353) to read "or." At the time of filing of this action by the plaintiff, § 546(a)(1) read "and."

long that process naturally takes. If, however, a case is confirmed in less than two years, the debtor may bring these actions until the two year period has elapsed, so long as it has provided in the confirmation documents that preference action may be brought post-confirmation. *Id.* at 222–23.

Since Korvettes failed to bring the instant action before confirmation or within two years from its filing date, the Bankruptcy Judge held the action time-barred. *Id.* at 224.

### B. *Discussion*

In my view, the Bankruptcy Judge properly rejected Sanyo's contention that subsection 546(a)(1) bars this action. Indeed, every other authority of which this Court is aware that had considered this proposition has rejected it. *See In re AOV Industries,* 62 B.R. 968, 974 (Bankr.D.D.C.1986); *In re Choice Vend, Inc.,* 49 B.R. 719, 720 (Bankr. D.Conn.1985); *In re Silver Mill Frozen Foods, Inc.,* 23 B.R. 179, 181 (Bankr.W.D. Mich.1982); *In re One Marketing Co.,* 17 B.R. 738, 739 (Bankr.S.D.Texas 1982) (all citing 4 *Collier on Bankruptcy* § 546.02 (15th ed.)). As Collier explains:

> Note that the two year limitations period runs from the appointment of a trustee under section 702, 1104, 1163 or 1302. Thus if a debtor in possession is serving in a case under chapter 11 and no trustee has been appointed, the two year period will not begin to run unless and until a trustee is appointed. The better view is that [§] 1107(a), which gives the debtor powers of a trustee and subjects the debtor in possession to the limitations placed on a trustee, does not equate service of the debtor in possession with the appointment of a trustee for those purposes of [§] 546(a). If a trustee is appointed in a case under chapter 11 or in a case converted from chapter 11, he will have two years from the date of his appointment to commence actions pursuant 546(a).

4 *Collier on Bankruptcy* § 546.02 at 546–8 to 546–9 (15th ed. 1984).

*Cf. In re Sin-Ko, Inc.,* 48 B.R. 180, 181 (Bankr.N.D.Ohio 1985); *In re Black & Geddes, Inc.,* 35 B.R. 827, 828–29 (Bankr.S. D.N.Y.1983); *In re Killian Construction Co.,* 24 B.R. 848, 850 (Bankr.D.Idaho 1982) (all holding in Chapter 7 cases that two year period does not begin to run when interim trustee is appointed, but only when permanent trustee is appointed).

The plain language of subsection 546(a)(1) supports this view. It specifies that the two year period is to begin to run when a trustee is appointed under specific sections of the Code. "[W]hen the express language of a statute is clear, a court will not adopt a different construction absent clear legislative history contradicting the plain meaning of the words." *United States v. Holroyd,* 732 F.2d 1122, 1125 (2d Cir.1984). *See Consumer Product Safety Commission v. G.T.E. Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *In re One Marketing, supra,* 17 B.R. at 739. Here, what little extrinsic evidence of legislative intent exists reinforces this interpretation of section 546(a). At the time Congress amended the Bankruptcy Code in 1984, several cases had interpreted subsection 546(a)(1)'s two year time bar as starting to run only after a trustee is appointed, and as inapplicable to debtors in possession. Congress' failure to amend subsection 546(a)(1) to include debtors in possession supports the view that that subsection does not apply to them. *See Air Transport Association of America v. PATCO,* 667 F.2d 316, 321 (2d Cir. 1981) (court can "presume that Congress is aware of settled judicial constructions of existing law ... and that it intends to retain those remedies that it has left in place"), cited in *In re Choice Vend, supra,* 49 B.R. at 721.

As the authorities that have considered the question have recognized, this conclusion is well-grounded in policy. The respective duties of a debtor in possession and a trustee make application of the two year rule inappropriate to constrain a debtor in possession. While a debtor in possession continues the operation of the business, a trustee appointed pursuant to 11 U.S.C. § 704 is responsible for the expeditious liq-

uidation of the estate in order to protect the interest of the creditors. While a trustee's tasks include pursuing preferential transfer claims in furtherance of liquidation of assets, a debtor in possession traditionally will not attack ancillary issues such as preferences until it has dealt with reorganization. Indeed, as Judge Lifland noted, a debtor in possession may not litigate a preference claim at all, instead settling those claims with the creditors. 42 B.R. at 219.

Thus, to compel the issue of preferences to be brought to the forefront prematurely in the reorganization process has the potential of impeding progress toward the formulation of a consensual plan and could indeed stall negotiations altogether. Such a blanket construction would thus either compel preference litigation to be brought in the midst of negotiations or compel all reorganizations, no matter the size of the interests or the complexity of the legal and economic issues involved, to be focused upon well in advance of two years from the filing date.

*Id.* at 220.

Accordingly, I reject Sanyo's contention that subsection 546(a)(1) bars Korvettes' claim.

But I must also reject the Bankruptcy Judge's conclusion that subsection 546(a)(2) does not provide the appropriate statute of limitations for a preference claim by a debtor in possession. As noted, Judge Lifland regarded Korvettes' interpretation of timeliness as "open-ended" and "unacceptable," 42 B.R. at 220. His fashioning of a more acceptable "rule of reason" is sought to be justified by findings that "there is a statutory ambiguity with no helpful legislative history and no case law precedent in this district," *id.* at 221.

The Bankruptcy Judge trenchantly criticizes the statute's practical consequences. But disagreement with a statute's effect does not render its words ambiguous. The wording is perfectly clear. I am constrained to agree with a leading commentator's evaluation of the opinion below: "The *Korvettes* case is obviously wrong and

reads into section 546 a limitation that is not there." 4 *Collier on Bankruptcy* § 546.02[2], at 546–9 (15th ed. 1985). *See also In re AOV Industries, supra,* 62 B.R. at 973–74; *In re Choice Vend, supra,* 49 B.R. at 721–22. If the plain meaning of subsection 546(a)(2) has led to unworkable results, the problem must be remedied by Congress, not the courts.

Here, it is undisputed that Korvettes' bankruptcy case was neither closed nor dismissed at the time the adversarial proceeding was commenced. Accordingly, it was not barred by the statute of limitations.

## II. *Laches*

The Bankruptcy Court determined that "the balancing of equities undertaken in formulating this Court's rule of reason in balancing the need for repose among creditors against the goal of providing an appropriate time period for the bringing of preference actions is the same mode of analysis as that involved in applying the doctrine of laches." 42 B.R. at 228. The court stated that "Korvettes clearly could have brought this preference claim at the time of confirmation of its announced reorganization plan or thereafter, until two years from the filing date had elapsed." *Id.* at 224. The court concluded that in failing to bring the claim within this time period, Korvettes had "sat on its rights without any asserted justification to the detriment of the repose of its creditors," and that its claims were barred by laches. *Ibid.*

I disagree. Laches is not applicable where the cause of action is governed by a statute of limitations. *United States v. Repass,* 688 F.2d 154, 158 (2d Cir.1982); *In re Silver Mill Frozen Foods, Inc.,* 23 B.R. 179, 181 (Bankr.W.D.Mich.1982). Because section 546(a) establishes a limitation period for bringing preference actions, and Korvettes brought this action within the time allotted by the statute, laches is not available as a defense. *Id.*

Furthermore, even if laches were available as a defense, Sanyo would have to establish that it was prejudiced by the delay. *Lottie Joplin Thomas Trust v.*

*Crown Publishers, Inc.,* 592 F.2d 651, 655 (2d Cir.1978). The Bankruptcy Judge found no particularized prejudice to Sanyo; he relied on creditors' need for repose in general. In other words, the only prejudice the Bankruptcy Judge found was Sanyo's lack of repose. Certainly that general interest, which is a chief concern of a statute of limitations, must be found fully protected where an action is brought within the time mandated by Congress.

Finally, the laches defense appears to have been raised *sua sponte* by the Bankruptcy Judge. Sanyo appears never to have asserted it below, in its pleadings or elsewhere. Accordingly, it waived that defense. *Satchell v. Dilworth,* 745 F.2d 781, 784 (2d Cir.1984); *Dobbs v. Vornado, Inc.,* 576 F.Supp. 1072, 1080–81 (E.D.N.Y.1983); F.R.Civ.P. 8(c); Bankruptcy Rule 7008.

*Conclusion*

The order of the Bankruptcy Court is reversed, and the case remanded to that Court for further proceedings not inconsistent with this Opinion.

It is SO ORDERED.