**SPARMAL ENTERPRISES, INC., Appellant,**

**v.**

**MOFFIT REALTY CORP., Commerce America Banking Co. (n/k/a INB Banking Co.), Merchants National Bank of Muncie, Terre Haute First National Bank, Citizens Bank of Owensboro Kentucky, Beneficial Commercial Corp., Old National Bank of Evansville,**

Summit Bank of Muncie f/k/a Industrial Trust & Savings Bank, Summit Bank, Fort Wayne, Indiana, Bancohio Leasing Company, First National Bank of Louisville, Jack Faulkner, and Lash Leasing, Appellees.

**In re SPARMAL ENTERPRISES, INC., Debtor.**

**SPARMAL ENTERPRISES, INC., Plaintiff,**

**v.**

**INDUSTRIAL TRUST BANK OF MUNCIE, et al., Defendants.**

**Bankruptcy No. 85–4656 RA(B). Adv. No. 90–27. Cause No. 90–1512–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

April 26, 1991.

John M. Rogers, Bamberger & Feibleman, Indianapolis, Ind., for plaintiff.

S. James Fishman, Mantel, Cohen, Garelick, Reiswerg & Fishman, Indianapolis, Ind., for creditors' committee.

Elliot D. Levin, Rubin & Levin, Indianapolis, Ind., for defendants.

## ENTRY

DILLIN, District Judge.

This cause is before the Court on appeal from the order of the United States Bankruptcy Court for the Southern District of Indiana dismissing adversary proceeding No. 90–27. For the following reasons, the decision of the Bankruptcy Court is affirmed.

### Background

The appellant in this case, Sparmal Enterprises, Inc., (Sparmal), filed a Chapter 11 bankruptcy proceeding on October 17, 1985. Since that time, Sparmal has operated as a debtor in possession under the Bankruptcy Code. As opposed to reorganizing its business, Sparmal has been seeking to satisfy its creditors through liquidating and then distributing its assets, thus engaging in what Judge Bayt of the Bankruptcy Court has termed a "liquidating Chapter 11".

On January 22, 1990, Sparmal filed a two-count complaint against various party defendants in which Sparmal sought the recovery of several allegedly preferential payments recoverable for the bankruptcy estate under the Bankruptcy Code. In Count I of the complaint, Sparmal sought to recover $185,000 which was allegedly paid within 90 days of the bankruptcy filing. In Count II, Sparmal sought to recover $480,000 as avoidable "insider" transfers made within one year of the filing.

In March, April, and May of 1990, three of the defendants filed motions to dismiss. Those defendants contended that Sparmal's adversary proceeding was barred by the statute of limitations and/or laches.

On June 13, 1990, the Bankruptcy Court agreed, and found that Sparmal's adversary proceeding was subject to the two year statute of limitations found in 11 U.S.C. § 546(a)(1). Accordingly, since over four years had passed, the Bankruptcy Court ordered the adversary proceeding dismissed as to all defendants.

The issue to be resolved by this court on appeal is whether the two year statute of limitations of 11 U.S.C. § 546(a)(1) is applicable to a preference action brought by a debtor in possession which is engaged in a liquidating chapter 11 bankruptcy proceeding. The Official Creditors' Committee has filed a statement in support of the appellant's position.

### Memorandum of Opinion

This Court is constrained to accept the Bankruptcy Court's findings of fact unless they are clearly erroneous. *Matter of Excalibur Auto Corp.*, 859 F.2d 454, 457 n. 3 (7th Cir.1988) (construing Rule 8013, F.R. Bankr.P.). Conclusions of law are reviewed *de novo. Id.*

After making the factual finding that Sparmal was engaged in a liquidating chapter 11, the Bankruptcy Court determined that the adversary proceeding brought under 11 U.S.C. § 547 was time-barred under 11 U.S.C. § 546(a)(1). This statute provides:

An action or proceeding under § 544, 545, 547, 548 or 553 of this Title may not be commenced after the earlier of—

(1) Two years after the appointment of a trustee under § 702, 1104, 1163, 1302, or 1202 of this Title; or

(2) The time the case is closed or dismissed.

The appellant argues that "the Bankruptcy Court's application of § 546(a)(1) to a debtor-in-possession is contrary to the statute itself ..." In support, appellant argues that no trustee, as seemingly re-

quired by § 546(a)(1), was ever appointed, although a trustee could have been appointed on request by a party in interest. *See* 11 U.S.C. § 1104(a)(1). Since there was no trustee appointed, the appellant maintains that § 546(a)(1) should not have been applied to bar its adversary proceeding.

In opposition, the appellees contend that a debtor in possession stands in the shoes of a trustee, especially when the debtor is engaged in a liquidating Chapter 11. Thus, since § 546(a)(1) is a limitation on the power of a trustee, the appellees maintain it is necessarily a limitation on the power of a debtor in possession.

We find that in analyzing this case, there are two questions: 1) Is a Chapter 11 debtor-in-possession, who is liquidating its assets, acting as a "trustee" when bringing an adversary proceeding to recover preferential payments?; and 2), if so, does the limitations period of § 546(a)(1) apply to such an acting trustee?

The preference action brought by Sparmal was brought pursuant to 11 U.S.C. § 547. § 547, on its face, only applies to trustees. However, "[A] debtor in possession has the powers of a trustee [under 11 U.S.C. § 1107(a)] and therefore can sue under section 547 to set aside a preferential transfer." *Matter of Hughes*, 704 F.2d 820 (5th Cir.1983) (*quoting* 4 Collier on Bankruptcy, ¶ 547.52[5] (15th ed. 1982)); *See* 11 U.S.C. § 1107(a) ("[A] debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties ... of a trustee"). Thus, it is clear that for purposes of the adversary proceeding, Sparmal was acting as a trustee.

This being so, the next question is whether § 546(a)(1) applies to a non-appointed trustee. Most courts, when faced with this issue in the context of a reorganizing chapter 11, have agreed with Collier that:

> The better view is that [§] 1107(a), which gives the debtor powers of a trustee and subjects the debtor in possession to the limitations placed on a trustee, does not equate service of the debtor in possession with the appointment of a trustee for those purposes of [the statute of limitations found in] 546(A).

4 Collier on Bankruptcy ¶ 546.02 at 546–49 (15th ed. 1984) (*cited* by *In re Korvettes, Inc.*, 67 B.R. 730, 733 (S.D.N.Y.1986)); *accord In re Mahoney, Trocki & Associates*, 111 B.R. 914 (Bkrtcy.S.D.Cal.1990); *In re AOV Industries, Inc.*, 62 B.R. 968 (Bkrtcy. D.D.1986); *In re Choice Vend, Inc.*, 49 B.R. 719 (Bkrtcy.D.Conn.1985). Nevertheless, we believe the Bankruptcy Court was correct in its holding that § 546(a)(1) is applicable in a liquidating chapter 11.

"We begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself." *Consumer Product Safety Commission v. G.T.E. Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766, 772 (1980). First to consider is whether the language of § 546(a) is ambiguous. We hold that it is.

§ 546 provides the statute of limitations for the "avoiding powers" of §§ 544, 545, 547, 548, and 553. 11 U.S.C. § 546(a). Subsection (a)(1) sets the statute of limitations at two years. Subsection (a)(2) provides a further limitation on subsection (a)(1), by stating that the statute of limitations will be considered having run when a case is closed or dismissed.

The ambiguity in the statute arises from the fact that § 546(a) declares that it applies to all actions brought under § 547, but then in § 546(a)(1) the "appointment of a trustee" language seemingly precludes the situation where the Bankruptcy Code, under § 1107(a), has granted trustee status to a debtor in possession to carry out a § 547 preference action. Thus, whether § 546 applies to all § 547 actions, as implied by § 546(a), or only those brought by an appointed trustee, as applied by § 546(a)(1), is ambiguous. *See Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1524 (10th Cir.1990) (finding that "§ 546 is ambiguous ..." in the context of an action brought under § 544).

Since § 546 is ambiguous, it must be construed. There is little extrinsic evidence of legislative intent as to § 546(a)(1). *In re Korvettes*, 67 B.R. at 733. Some courts have noted that at the time Con-

gress amended the Bankruptcy Code in 1984, several cases had interpreted § 546 as being inapplicable to debtors in possession. Thus, these courts argue that "Congress's failure to amend subsection 546(a)(1) to include debtors in possession supports the view that that subsection does not apply to them." *Id.*

While there is some merit in the argument that Congress's 1984 amendments to the Bankruptcy Code implicitly accepted court decisions restricting § 546(a)(1), the argument is weakened, as the appellees point out, by the dearth of cases analyzing the situation of debtors in possession who are simply liquidating their assets. In fact, as the appellees have found, the application of § 546 to liquidating chapter 11s appears to be a matter of first impression. This is significant, as many of the courts which have held that § 546(a) is inapplicable to debtors in possession have done so in furtherance of policies inapplicable to those debtors who are liquidating rather than reorganizing.

For example, in *In re Choice Vend, Inc.*, 49 B.R. 719 (Bankr.D.Conn.1985), the court reasoned that the duties of a debtor in possession attempting to reorganize and a trustee who is responsible for expeditious liquidation are somewhat different. In the case of a debtor which is reorganizing there is an inherent tension between the debtor's need to sue a creditor for preferences and its need to receive a creditor's cooperation in the debtor's plan to continue its business. Thus, a longer limitations period is reasonable for a reorganizing debtor than for a trustee. *See In re Korvettes*, 67 B.R. at 734 ("a debtor in possession traditionally will not attack ancillary issues such as preferences until it has dealt with reorganization").

As the bankruptcy court noted in its entry of dismissal, "Where as here, the debtor-in-possession is not attempting to reorganize, the debtor-in-possession's duties are almost identical to the duties of a trustee, and there is no reason to allow a debtor-in-possession more time to bring a preference action than a trustee would be allowed." There is no reorganization, and consequent-

ly a creditor's cooperation is not necessary. Therefore, Congress' 1984 amending of the Bankruptcy Code is irrelevant since there appear to be no cases involving the applicability of § 546(a)(1) to liquidating chapter 11s of which Congress could have implicitly approved.

Left without extrinsic guidance as to § 546, we must turn to reason. In recently examining the present issue, the 10th Circuit Court of Appeals reasoned that:

> The key to this case is the scope of § 546(a), and the question to resolve is whether a debtor in possession is subject to the same two-year statute of limitations as an appointed trustee. We believe § 546 is ambiguous; therefore, it must be construed. We do not believe that Congress intended to limit actions filed by an appointed trustee to two years without making the same restriction apply to a debtor in possession who is the functional equivalent of an appointed trustee. Because of the virtual identity of function between a trustee and a debtor in possession, there would be no reason to create a different limitations period for the filing of actions by the two fiduciaries. Moreover, when the balance of § 546 is considered, it is even more apparent that Congress intended for the word "trustee" to apply to a debtor in possession, for every reference to actions brought by a trustee contained in § 546 obviously applies to actions brought by a debtor in possession. A contrary analysis would deprive § 546 of significance in the majority of recovery actions filed in chapter 11 cases.

*Zilkha Energy Co.*, 920 F.2d at 1524 (applying § 546(a)(1) to bar an action brought pursuant to § 544).

We find this reasoning persuasive, particularly where, as here, the debtor in possession is liquidating its assets in precisely the same manner as an appointed trustee. Thus, we agree with the Bankruptcy Court that 11 U.S.C. § 546(a)(1) is applicable not only to an appointed trustee, but also to a debtor in possession which is assuming the role of trustee by virtue of 11 U.S.C. §§ 1107(a) and 547 in a liquidating chapter

11 bankruptcy proceeding. Accordingly, we affirm the Bankruptcy Court's order dismissing Sparmal's adversary proceeding.