In re PULLMAN CONSTRUCTION INDUSTRIES, INC., Debtor.

PULLMAN CONSTRUCTION INDUSTRIES, INC.,
Plaintiff,

v.

NATIONAL STEEL SERVICE CENTER, Johnson Controls, Inc., and Muller Construction Supply, Inc., Defendants.

Bankruptcy No. 87 B 6441–44.
Adv. No. 91 A 452.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Oct. 10, 1991.

Steven B. Towbin, David A. Newby, Towbin & Zazove, Ltd., Chicago, Ill., for plaintiff.

Robert M. Boyack, Joliet, Ill., for Johnson Controls, Inc.

Patrick G. Donnelly, McNeela & Griffin, Ltd., Chicago, Ill., for Muller Const. Supply.

Richard M. Bendix, Jr., Michael E. Hayes, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for Nat. Steel Service Center.

## MEMORANDUM OPINION ON DEFENDANTS' MOTIONS TO DISMISS ADVERSARY

JACK B. SCHMETTERER, Bankruptcy Judge.

The Plaintiff, Debtor in the related Chapter 11 bankruptcy proceeding, has sued the three Defendants here for alleged preferences. Defendants moved under F.R.Bankr.P. 7012 to dismiss the complaint. For reasons set forth below, the motion was denied by Order entered September 11, 1991.

**The Complaint is not time-barred under 11 U.S.C. § 546(a)(1).**

*Introduction*

The pertinent facts are not in dispute. Debtor's Chapter 11 proceedings were filed May 1, 1987. Debtors have been in possession of their own affairs from that date to the present. The Court has previously found that Wells Fargo Bank N.A. ("Wells Fargo") had a lien on all assets of this Debtor and its related companies in bankruptcy. When Plan confirmation was denied, Wells Fargo was permitted by stay modification order to proceed against Debt-

or's assets. However, Wells Fargo did not proceed against Debtor's common stock or its preference actions. Despite the clear inability of Debtor to reorganize, the Court has permitted it to assert preference actions against several defendants. With Wells Fargo's agreement, any proceeds will be shared between Wells Fargo and other creditors. No Trustee was ever appointed. The instant Adversary complaint was filed by Debtor four years after the related bankruptcy proceeding was filed. Plaintiff complains about alleged preferences.

Although no trustee was appointed in this case, movants rely on 11 U.S.C. § 546(a):

> (a) An action or proceeding under Section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of:
>
> > (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302 or 1202 of this title; or
> >
> > (2) the time the case is closed or dismissed.

Movants reason under 11 U.S.C. § 1107(a) that a debtor in possession is to be treated as a trustee, and is therefore limited by the two-year limit in § 546(a). Section 1107(a) provides:

> (a) subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the Court prescribes, a debtor in possession shall have all the rights, other than the right of compensation under Section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in Sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

### A. Well–Reasoned Authority Holds that § 546(a)(1) Does Not Apply to Debtors In Possession

A split of authority exists as to whether the two-year statute of limitations in 11 U.S.C. § 546(a)(1) applies to debtors in possession. Most courts which have addressed this issue, as well as a leading bankruptcy treatise, hold with persuasive reasoning that debtors in possession are not subject to the two-year statute of limitations that applies to trustees.

A leading case holding that debtors in possession are not subject to the trustee's two-year limitations bar in § 546(a)(1) is *In re Korvettes, Inc.*, 67 B.R. 730 (Bankr. S.D.N.Y.1986). *Accord In re Century Brass Products, Inc.*, 127 B.R. 720 (Bankr. D.Conn.1991); *In re AOV Industries, Inc.*, 62 B.R. 968 (Bankr.D.D.C.1986); *In re Alithochrome Corp.*, 53 B.R. 906 (Bankr. S.D.N.Y.1985); *In re Choice Vend, Inc.*, 49 B.R. 719 (Bankr.D.Conn.1985).

The reasoning in *Korvettes* is especially persuasive and applies to Pullman's circumstances. Considering the express language of § 546(a)(1), the *Korvettes* court refused to adopt any construction contrary to the statute's plain words and facial meaning. *Id.* at 733. It concluded that because no trustee had been appointed, and the case had not been closed or dismissed, the action involved there was not time-barred.

*Korvettes* relied on *Collier on Bankruptcy* and the citation of that treatise by several other bankruptcy courts, and concluded:

> Note that the two year limitations period runs from the appointment of a trustee under section 702, 1104, 1163 or 1302. Thus if a debtor in possession is serving in a case under chapter 11 and no trustee has been appointed, the two year period will not begin to run unless and until a trustee is appointed. The better view is that [§]1107(a), which gives the debtor powers of a trustee and subjects the debtor in possession to the limitations placed on a trustee, does not equate service of the debtor in possession with the appointment of a trustee for those purposes of [§]546(a). If a trustee is appointed in a case under chapter 11 or in a case converted from chapter 11, he will have two years from the date of his appointment to commence actions pursuant 546(a).

*Id.* (quoting 4 *Collier on Bankruptcy* § 546.02 at 546–10 (15th ed. 1991)). *See also AOV*, 62 B.R. at 974; *Alithochrome*,

53 B.R. at 909; *Choice Vend,* 49 B.R. at 721.

This view is amply supported by the plain language of § 546(a). *In re Korvettes,* 67 B.R. at 733. Statutory interpretation must always begin with the statute's plain language. *Jennings Water, Inc. v. North Vernon,* 895 F.2d 311, 314 (7th Cir.1989). Section 546(a) specifies that the two year time limit begins to run when the trustee is appointed. It also provides an alternate time limit set by the date when the case is closed or dismissed. Section 546(a)(2) applies on its face without regard to whether or not a trustee is appointed. From the wording of both subparts, the two year time limit under § 546(a)(1) is applicable only when a trustee has been appointed.

As in *Korvettes,* no trustee has been appointed in this case. The only time limitation on Pullman for filing preference claims lies under § 546(a)(2), that the complaint be filed before the related Chapter 11 proceeding is closed or dismissed. Because this proceeding has not been closed or dismissed, Pullman's adversary proceeding was timely filed.

### B. Distinctions Between a Debtor in Possession and a Chapter 11 Trustee.

Most courts have correctly recognized a key distinction between trustees and debtors in possession for the purposes of § 546(a). A debtor in possession assumes its role when the Chapter 11 petition is filed, whereas a trustee assumes his role when he is appointed. Section 546(a) clearly focuses in on this distinction by giving two alternative time limits depending on whether or not the party bringing a preference or other specified action was appointed as a trustee.

A debtor in possession under Chapter 11 of the Bankruptcy Code has different powers and duties from a trustee. *See generally N.L.R.B. v. Bildisco and Bildisco,* 465 U.S. 513, 517, n. 2, 104 S.Ct. 1188, 1192 n. 2, 79 L.Ed.2d 482 (1984) ("[t]he term debtor-in-possession is not fully interchangeable with the term trustee in bankruptcy under

the Bankruptcy Code...."); *In re Schipper,* 933 F.2d 513, 516 (7th Cir.1991) (dealing with sales of property under § 363) ("the Bank fails to cite to a single case in which a court has applied the trustee standard to a debtor in possession. That is because there are none.")

A debtor in possession is primarily concerned with attempting to reorganize and negotiate with its creditors. Limiting a debtor in possession to a two-year statute of limitations within which to file actions under §§ 544, 545, 547 and 553 would hinder its ability to negotiate a consensual plan of reorganization. *See Century Brass,* 127 B.R. at 720; *Korvettes,* 67 B.R. at 734; *AOV,* 62 B.R. at 974 ("[t]he debtor-in-possession may have no incentive to avoid preferential transfers, he being the one who made those transfers. Furthermore, the debtor may not wish to take money out of the pockets of those with whom he must do business during and after the reorganization.")

Equating a debtor in possession with a trustee under § 546(a) ignores the reality of reorganization. Such a reading would force debtors in possession to sue the very creditors with whom they are trying to negotiate and from whom they are attempting to get credit. This would compel the issue of preferences to the forefront prematurely and impede rather than aid the formulation of a consensual plan of reorganization. *In re Korvettes, Inc.,* 42 B.R. 217, 219 (Bankr.N.D.Ill.1984). This absurd result has been rejected by most authority. *Century Brass,* 127 B.R. at 721, and cases cited therein.

### C. Authorities Holding that the Two-Year Statute of Limitations Applies to Debtors in Possession are Not Persuasive.

The only appellate court to address the limitations issue under § 546(a) was the Tenth Circuit in *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520 (10th Cir.1990). In holding that the statute of limitations applies to a Chapter 11 debtor in possession, that opinion ignored differences between a trustee and a debtor in possession,

and disregarded established rules of statutory construction.

First, *Zilkha* held that a debtor in possession is the functional equivalent of a trustee because of § 1107(a). Hence, it reasoned there is no need to create a different limitation periods for debtors in possession than the one that applies to trustees. Second, *Zilkha* discussed the express language of § 546. It concluded that "Congress intended for the word 'trustee' to apply to a debtor in possession, for every reference to actions brought by a trustee contained in § 546 obviously applies to actions brought by a debtor in possession." *Id.* at 1524. That Circuit reasoned under §§ 546 and 1107 that the word "trustee" is often synonymous with the phrase "debtor in possession."

The § 546(a)(1) two-year limit, however, is limited by its terms to "the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title." The only logical meaning of the word "trustee" as used in § 546(a)(1) is to limit it to trustees appointed under provisions of the Bankruptcy code specifically enumerated in that provision. Moreover the two year time limit starts to run after the trustee is "appointed." A debtor in possession is not appointed. In no way does the statutory wording fit any reading other than to find debtors excluded from the two year bar. This reading is logically and internally consistent. There would have been no need for the drafters of § 546(a)(1) to qualify the word "trustee" with the "appointment" provision if "trustee" was intended to simply include the debtor in possession by reason of § 1107(a). The holding in *Zilkha* ignored the rule that "a court should not construe a statute in a way that makes words or phrases meaningless, redundant, or superfluous." *U.S. v. Franz*, 886 F.2d 973, 978 (7th Cir.1989), quoting *Zimmerman v. North American Signal Co.*, 704 F.2d 347, 353 (7th Cir.1983).

The holding in *Zilkha* ignored another established rule of statutory construction whereby the meaning of a statute is illuminated by action Congress takes or chooses not to take in response to judicial interpretations of it. Prior to *Zilkha*, authority generally held that a debtor in possession was not subject to a two-year statute of limitations. *See In re One Marketing*, 17 B.R. 738 (Bankr.S.D.Tex.1982); *In re Silver Mill Frozen Foods, Inc.*, 23 B.R. 179 (Bankr.W.D.Mich.1982). Yet, the wholesale changes wrought on the Bankruptcy Code by the 1984 Bankruptcy Amendments did not affect § 546(a)(1).

"The normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific." *Midatlantic Nat'l Bank v. New Jersey Dept. of Environmental Prot.*, 474 U.S. 494, 501, 106 S.Ct. 755, 759, 88 L.Ed.2d 859 (1986). See also *Lorillard v. Pons*, 434 U.S. 575, 580–81, 98 S.Ct. 866, 869–70, 55 L.Ed.2d 40 (1978) ("Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change"); *Air Transport Association of America v. PATCO*, 667 F.2d 316, 321 (2d Cir.1981) (courts may "presume that Congress is aware of settled judicial constructions of existing law ... and that it intends to retain those remedies that it has left in place"). Courts have followed this rule with particular care in construing the bankruptcy code. *Matter of Smith*, 848 F.2d 813, 819 (7th Cir.1988). Congress had the opportunity to alter the interpretation of § 546(a)(1) but did not. It can be presumed to have acquiesced in the earlier interpretation that the two-year statute of limitations does not apply to debtors in possession. *See Choice Vend*, 49 B.R. at 721.

Further, § 1107(a) provides that it applies: "[s]ubject to any *limitations* on a trustee serving in a case under this chapter, and to such *limitations or conditions* as the court prescribes...." (Emphasis supplied.) The Supreme Court has recently stated, "[t]he plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of [Congress.]" *U.S. v. Ron–Pair Enterprises*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d

290 (1989) (interpreting the Bankruptcy Code), citing *Griffin v. Oceanic Contractors*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982). See also *Meredith v. Bowen*, 833 F.2d 650, 654 (7th Cir.1987) ("a court need not look beyond the words to interpret a statute if the language is clear and unambiguous ... [i]ndeed, the plain language is the best evidence of the statute's meaning") (citations omitted); *Matter of Clark*, 738 F.2d 869, 872 (7th Cir.1984) ("absent a persuasive reason to the contrary, [courts] are to attribute to the words of a statute their common meaning").

Use of the term "limitation" in § 1107(a) plainly does not mean "statute of limitations." The Congress would have used the latter phrase if that was intended, for "statute of limitations" is a term of art with readily understood meaning. The term "limitation" refers to procedural and substantive limitations of authority. Examples of procedural limitations are the use of a trustee's powers such as the notice and hearing required in 11 U.S.C. §§ 363, 364, and 365. The substantive "limitation" means that a debtor in possession must meet the same substantive criteria as a trustee to sell property, borrow money, abandon assets or reject contracts. But it is a far and unwarranted stretch of statutory language to read the term "limitation" to encompass "statute of limitations." The *Zilkha* court erroneously assumed, *see* 920 F.2d at 1523, that Congress meant "limitation" to mean "statute of limitations," but cited no authority for such assumption.

Other cases holding that the two-year statute of limitations applies to debtors in possession are *In re Coastal Group, Inc.*, 125 B.R. 730 (Bankr.D.Del.1991); *In re Lill*, 116 B.R. 543 (Bankr.N.D.Ohio 1990); and *In re Sparmal Enterprises*, 126 B.R. 559 (D.C., S.D.Ind.1991). The *Coastal Group* court simply adopted the Tenth Circuit's reasoning that § 546(a) must be read in conjunction with § 1107(a). 125 B.R. at 732. The *Lill* court concluded that the two-year statute of limitations applied without reference to any other case authority. *Lill* concluded that debtors in possession are granted all the rights of a trustee,

subject only to any limitations on a trustee pursuant to § 1107. 116 B.R. at 546.

In *Sparmal* the District Court affirmed a holding that § 546(a)(1) applies to a debtor in possession, based on reasoning that applied § 1107(a) to the appointed "trustee" referred to in the former provision. The Court found § 546(a) "is ambiguous" and therefore must be construed:

> The ambiguity in the statute arises from the fact that § 546(a) declares that it applies to all actions brought under § 547, but then in § 546(a)(1) the "appointment of a trustee" language seemingly precludes the situation where the Bankruptcy Code, under § 1107(a), has granted trustee status to a debtor in possession to carry out a § 547 preference action. Thus, whether § 546 applies to all § 547 actions, as implied by § 546(a), or only those brought by an appointed trustee, as applied by § 546(a)(1), is ambiguous. *See Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1524 (10th Cir.1990) (finding that "§ 546 is ambiguous ..." in the context of an action brought under § 544).

*Id.*, 126 B.R. 559 at 561.

The Court's finding of "ambiguity" stems from not giving sufficient weight to the differences between a debtor in possession trying to reorganize and coexist with the creditors and a trustee trying to maximize recovery for those creditors. The debtor in possession may often require more than two years to reorganize. Here in *Pullman* for example, the case was filed May 1, 1987. A long period of active litigation followed, along with great business efforts to reorganize, and definite business improvement that nonetheless fell short. Confirmation was denied on November 29, 1989, more than two years into the case. *In re Pullman Construction Industries*, 107 B.R. 909 (Bankr.N.D.Ill., decided November 29, 1989, opinion amended February 2, 1990). Should Debtor have attempted to recover preferences from unsecured creditors during its long struggle to save the business, it would have shot itself to death. Its struggle during the first two years of the case was with Wells Fargo,

not these Defendants. Debtor needed no additional opponents. Recognizing the distinction between objectives of the debtor in possession and those of an appointed trustee, Congress limited the two year limitation in § 546(a)(1) to the "appointed" trustee. The statute is not ambiguous. Indeed it is precisely clear.

Having found "ambiguity" in § 546(a)(1), however, the *Sparmal* opinion interpreted the statute. It admitted there is merit in the argument that Congress intended to exclude debtors in possession from that provision because the 1984 amendment to the Bankruptcy Code did not repeal prior precedent that had found debtors excluded. But the court said this argument was "weakened" where debtors in possession are "simply liquidating their assets." Indeed, the court found that "a longer limitations period is reasonable for a reorganizing debtor than for a trustee." *Id.*, 126 B.R. at 562. Based upon the further reasoning in *Zilkha*, the court concluded with a narrow ruling applicable to the debtor there that was liquidating its assets in the same way as a trustee would liquidate:

> Thus, we agree with the Bankruptcy Court that 11 U.S.C. § 546(a)(1) is applicable not only to an appointed trustee, but also *to a debtor in possession which is assuming the role of trustee by virtue of 11 U.S.C. §§ 1107(a) and 547 in a liquidating chapter 11 bankruptcy proceeding.* (Emphasis added.)

*Id.*, 126 B.R. at 562–63.

In short, the District Court applied § 546(a)(1) to a debtor who was then liquidating *because* it was liquidating.

How can that reasoning be applied here, where Debtor struggled to reorganize for more than two years, or in any like circumstance? Only after long litigation and failure did this Debtor turn to liquidation. Under the *Sparmal* reasoning, would it be said that the limitations bar did not apply so long as debtor struggled but applied retroactively when ultimate business failure was certain? Would that not be a floating limitations date, not applicable when preference actions can't be filed for pragmatic reasons but suddenly appearing to bar such actions when liquidation is the only course open and preferences must be pursued? That would mean, of course, that whenever a debtor in possession fails and starts to liquidate after two years it is then too late to bring preference actions to achieve the equity of treatment that the Bankruptcy Code seeks among like creditors. Neither the wording of § 546(a)(1) nor the Bankruptcy Code as a whole gives support for an interpretation that the statute of limitations applies to a liquidating debtor.

The opinions of the Tenth Circuit and two Bankruptcy courts and one District Judge that came to the same conclusion are contrary to well-established principles of statutory construction. While this Court gives deference to the view expressed by those courts, that view is not supported by the wording of § 546(a), the structure of the Bankruptcy Code, the legislative history of the statute, or logic. It does not bind this Court and I decline to follow it.

## CONCLUSION

The express language of § 546(a) does not provide that debtors in possession are bound by the two-year statute of limitations provided therein, and clearly indicates that they are not. When, as here, no trustee has been appointed and the chapter 11 proceeding has not been closed or dismissed, a preference action is not time-barred. To hold otherwise would ignore the differences between a trustee and a debtor in possession and established rules of statutory construction. Accordingly, the motions of Defendants to dismiss this Adversary proceeding must be denied.