In re The GIBBONS–GRABLE
COMPANY, Debtor.

GIBBONS–GRABLE ASSETS
DISPOSITION TRUST,
Plaintiff,

v.

WATER POLLUTION CONTROL
CORP. et al., Defendants.

Bankruptcy No. 686–00875.
Adv. No. 91–6197.

United States Bankruptcy Court,
N.D. Ohio.

Feb. 6, 1992.

J. Bruce Hunsicker, Brouse & McDowell, Akron, Ohio, for Gibbons–Grable Assets Disposition Trust.

Patrick M. Keating, Buckingham, Doolittle, & Burroughs, Akron, Ohio, for Water Pollution Control Corp.

Roger J. Stevenson, Roetzel & Andress, Akron, Ohio, for U.S. Fidelity and Guar. Co.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Water Pollution Control Corp. and United States Fidelity and Guaranty Company (USF & G) (collectively, Defendants) bring separate motions for summary judgment (Motions) concerning the same issue: whether this adversary proceeding was timely filed. Plaintiff, The Gibbons–Grable Assets Disposition Trust (Trust) filed responses to the Motions and Defendants submitted reply briefs. Oral argument on the Motions was held January 2, 1992.

The court has jurisdiction in this adversary proceeding by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Fed. R.Bankr.P. 7052.

## FACTS

The Gibbons–Grable Company (Debtor) filed its Chapter 11 petition July 7, 1986. Debtor's liquidating plan of reorganization was confirmed on May 20, 1988. As part of the confirmation order, the Trust was created and. Lee J. DiCola (Trustee) and Gerald P. Gulling were appointed Co-Trustees.[1] The powers of the Trustee were defined as follows:

---

1. Gulling eventually resigned his trustee duties based on a potential conflict of interest and DiCola is presently the sole Trustee.

Lee J. DiCola and Gerald P. Gulling are hereby approved as Co–Trustees and hereby empowered to exercise all rights and powers of a trustee serving under the Bankruptcy Code including, but not limited to the rights set forth in §§ 542–555 of the Bankruptcy Code, such rights and powers to be exercised for the benefit of all creditors in accordance with the terms of the Trust.

Confirmation Order at page 7, para. 3.

On October 10, 1991 the Trust filed this adversary proceeding and 28 others, all of which sought recovery of alleged preferential transfers pursuant to 11 U.S.C. § 547. Defendants responded in part that the action is time-barred under 11 U.S.C. § 546. That defense is the subject of the Motions.

## DISCUSSION

Fed.R.Civ.P. 56(c) and Fed.R.Bankr.P. 7056 define the standard for summary judgment as follows:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

As there are essentially no disputed fact issues, the parties advance their respective positions as to the correct interpretation of 11 U.S.C. § 546(a). That section provides:

> (a) An action or proceeding under section ... 547 ... of this title may not be commenced after the earlier of—
>> (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
>> (2) the time the case is closed or dismissed.

Defendants argue that the Trustee is the functional equivalent of a trustee appointed under the cited Code sections and should therefore be subject to a two year statute of limitations running from the date of his appointment. The Trust responds that because the Trustee was not appointed under a specific Code section, § 546(a)(2) is the applicable standard.

The Trust relies primarily on two cases to support its argument. In *In re Korvettes, Inc.*, 67 B.R. 730 (S.D.N.Y.1986), the debtor in possession brought a post-confirmation preference action. The defendant urged that because a debtor in possession has the same rights and powers of a trustee under 11 U.S.C. § 1107, it should be subject to the same limitations. Under this view, the two year period would run from the petition date. The debtor offered that the only limitation was that of § 546(a)(2). The bankruptcy court, trying to find a middle ground, fashioned a "rule of reason" that the period for filing a preference would be the longer of the confirmation date or two years from the petition date. The district court held that although the lower court correctly decided § 547(a)(1) was inapplicable to debtors in possession, it incorrectly found an ambiguity in § 546(a)(2). Although the application of that section might produce problems, the district court noted it was "perfectly clear" that § 546(a)(2) governs a preference claim brought by a debtor in possession. *Id.* at 734.

*Korvettes, supra* has both its supporters and detractors. An extremely recent case, *In re Pullman Constr. Indus., Inc.*, 132 B.R. 359 (Bankr.N.D.Ill.1991), permitted the filing of a preference action by a debtor in possession four years after the petition date. *Pullman* relied on *Korvettes*, in particular noting the differences between a debtor in possession and a trustee in the reorganization process.

> Equating a debtor in possession with a trustee under § 546(a) ignores the reality of reorganization. Such a reading would force debtors in possession to sue the very creditors with whom they are trying to negotiate and from whom they are attempting to get credit. This would compel the issue of preferences to the forefront prematurely and impede rather than aid the formulation of a consensual plan of reorganization.

*Id.* at 361.

The sole court of appeals to consider this issue held contrary to *Korvettes, supra.* In *Zilkha Energy Co. v. Leighton,* 920

F.2d 1520 (10th Cir.1990), the court found that § 546(a) is ambiguous and held:

> We do not believe that Congress intended to limit actions filed by an appointed trustee to two years without making the same restriction apply to a debtor in possession who is the functional equivalent of an appointed trustee. Because of the virtual identity of function between a trustee and a debtor in possession, there would be no reason to create a different limitation period for the filing of actions by the two fiduciaries.

*Id.* at 1524.

*Sparmal Enterprises, Inc. v. Moffit Realty Corp.*, 126 B.R. 559 (S.D.Ind.1991) held that the debtor in possession should be subject to § 546(a)(1) when the plan is one of liquidation. The argument that a debtor in possession should not be subject to a limitation, which might impair its reorganization efforts, is inapplicable when "the debtor in possession is liquidating its assets in precisely the same manner as an appointed trustee." *Id.* at 562.

The Trustee here is neither fish nor fowl, not a debtor in possession nor a trustee appointed under a specific Code section. Two cases which address the position of entities appointed pursuant to a plan have come to opposite conclusions. In *Matter of Century Brass Products, Inc.*, 127 B.R. 720 (Bankr.D.Conn.1991), the plan administrator of a liquidating Chapter 11 plan was appointed to prosecute and object to claims, administer the estate, and distribute existing cash and proceeds to claimants. The opinion does not reference the exact language of the plan provision appointing the trustee. The court engaged in very little analysis, simply agreeing with *Korvettes, supra* which it called "[t]he law in this Circuit." 121 B.R. at 721. The plan administrator did not fall under the limitation of § 546(a)(1). *In re AOV Indus., Inc.*, 62 B.R. 968 (Bankr.D.D.C.1986), involved the disbursing agent of a fund created pursuant to a plan which specifically referenced §§ 547 and 548 in defining the agent's powers. The court found that the disbursing agent was an independent representative of the estate, more closely akin to a Chapter 11 trustee than a debtor in possession. Therefore "the disbursing agent stands in shoes of a trustee for the limited purposes of section 546(a)" even though he was not appointed under one of the Code provisions specified in that section. *Id.* at 974. The two-year period for bringing preference actions began on the date of the agent's appointment.

The reasoning of *AOV, supra* is even more applicable to the instant case. The trustee was specifically given the rights and powers of a Code-appointed trustee at appointment. He is not a debtor in possession with a goal of reorganization, which might inhibit his desire to bring actions against creditors whose support he may need at a later date. Indeed, the need for efficient and timely administration of a liquidating plan points squarely toward the necessity of a limitation on litigation. The fact that the confirmation order does not reference one of the Code sections mentioned in § 546(a)(1) is immaterial in the face of the language giving the trustee the rights and powers of "a trustee serving under the Code." With those rights and powers come limitations, such as the one found in 11 U.S.C. § 546(a)(1). The two-year statute of limitations expired on May 20, 1990, two years from the Trustee's appointment.

The court finds Defendants' Motions to be well taken and will grant summary judgment in their favor. This adversary proceeding will be dismissed as untimely under 11 U.S.C. § 546(a)(1).

An order in accordance herewith shall issue.