Robert L. PEARSON, Goldie Olden,
and Bessie Davis, Appellants,

v.

David L. HALL, Joanna P. Hall, Roger
Davis and Rosetta Davis, Appellees.

No. 64059.

Court of Appeals of Oklahoma,
Division No. 4.

May 6, 1986.

Richard E. Butner, Butner & Butner,
Inc., Wewoka, for appellants.

Donald W. Davis, Oklahoma City, for
appellees.

BRIGHTMIRE, Presiding Judge.

The controversy here is between two
family factions each of whom claim title to
a certain five-acre parcel of land. The ulti-
mate issue to resolve is whether granting a
summary judgment quieting title to the
subject land in the counterclaiming defend-
ants was an appropriate disposition of the
lawsuit.

We hold it was not, reverse the judgment
and remand for trial.

I

By way of introducing the dispute it may
be said that plaintiffs, proceeding under

the banner of Bessie Davis,[1] claim title to the subject land by virtue of an executed oral contract for deed made in 1950 between Bessie and Roger Davis, the standard bearer for defendants and counterclaimants.[2] Roger's forces on the other hand contend that the 1950 pact was a rental agreement and that the monthly payment of $25 made by Bessie for three or four years was rent and nothing more.

More specifically the background facts are that in 1950 Bessie's late husband Sylvester owned a 40-acre tract in joint tenancy with his sister Dora Davis and his brothers Warren and Roger. There were three houses on the acreage. One was occupied by Sylvester and Bessie, one by defendant Roger and the other by plaintiff Goldie Olden, Bessie's daughter.

In March 1965, Warren conveyed his interest to a Harvey Platt who in 1967 filed a partition action and the land was sold a couple of months later to Roger and his wife for $3200. To finance the purchase Roger borrowed $3000 from a Seminole bank. The loan was secured by a mortgage and the note was to be repaid in 48 installments of $62.50 each, beginning July 22, 1967. These facts are not significantly disputed. What follows is.

After procuring the loan, Bessie told the court in a statement of facts, Roger orally agreed to deed her the five acres she occupied if she would help him pay off the $3000 note. Bessie agreed to this and began paying $25 to Roger by leaving it at a Seminole grocery store where Roger would come once a month and pick it up. Bessie continued to do this for 48 months by which time she had paid $1200. Bessie then asked Roger for a deed in 1971. Roger said he would execute one. He never did. After several more unsuccessful demands Roger told her to have the property

surveyed and after the boundaries of the five acres were determined he would execute a deed in accord with the determination. Bessie complied and hired a registered Holdenville surveyor. A certified survey of the subject five acres was given to Roger and still he failed to perform.

In 1982, Bessie informed Roger that she was about to convey her interest to her grandson, Robert Pearson, and she was in need of the deed. Roger again said he would convey. Again he did not.

In July 1983, Roger Davis, without notifying plaintiffs, conveyed the entire 40-acre tract to the defending Halls who took the property with knowledge of plaintiffs' claim and with notice that plaintiffs were occupying the subject five acres.

In August 1983, David Hall wrote plaintiff Pearson saying he now owned the property and wanted Pearson to clear his used cars and auto salvage off the land and pay $1500 back rent. Plaintiffs refused and in February 1984, the Halls brought a forcible entry and detainer action and obtained judgment. Plaintiffs procured an order staying the forcible entry judgment pending outcome of this lawsuit in which the plaintiffs, in effect, seek to (1) have their title judicially established; (2) obtain a decree requiring Roger to specifically perform the executed contract for deed; and (3) have their title quieted against the Halls and the cloud created by the Halls' deed removed.

Defendants answered denying that Roger had agreed to an oral contract for deed but instead that he rented the five acres to Bessie for $25 a month. In a cross-claim the Halls asked that their title be quieted against the claim of plaintiffs and that they have possession of the five acres.

---

**1.** Bessie Davis's title claim is the foundation for the lawsuit. Plaintiff Robert Pearson is her grandson to whom Bessie conveyed her interest. The record is not clear on the nature of the interest claimed by plaintiff Goldie Olden, Bessie's daughter, except that she lived in one of the three houses on the land in 1950.

**2.** Defendant Roger Davis is Bessie's brother-in-law. He and his wife Rosetta acquired title to the larger 40-acre tract by purchasing it at a partition sale in May 1967. Defendant Joanna Hall is the daughter of Dora Davis. Her interest was washed out in the partition action. She and her husband David allege "they are buyers in good faith" of subject property.

On September 20, 1984, defendants filed a motion for summary judgment based not on an absence of a dispute as to any material fact but on the legal premise that plaintiffs' action was barred by the 3-year statute of limitations as set out in 12 O.S.1981 § 95 and by 46 O.S.1981 §§ 3 and 301, which required this action to be brought before October 1981.

On October 4, 1984, defendants filed an amended answer in which they pleaded for the first time the running of the statute of limitations as a defense. Plaintiffs replied to this legal conclusion by contending the 3-year statute of limitations advocated by defendants did not apply but if it did the period did not begin to run until a cause of action arose and that was not until Roger conveyed to the Halls in 1983.

On October 9, 1984, a pretrial conference was held and the case was set for trial December 3, 1984. On that date, the journal entry of judgment recites, the court announced that after studying the briefs submitted by the parties he had reached a decision with regard to defendants' motion for summary judgment. He concluded the motion should be sustained on a legal ground—that "plaintiffs' cause of action ... is barred by the statute of limitations...." A judgment disposing of plaintiffs' cause of action was not entered but the court did adjudicate defendants' counterclaim by decreeing that title to the subject five acres was quieted in defendants. On January 7, 1985, the court overruled plaintiffs' motion to vacate the summary judgment. On February 19, 1985, the court lifted an earlier order staying the eviction of plaintiffs from the five acres and on February 25, 1985, rendered a judgment against plaintiffs for defendants' attorney fee in the amount of $1250, which, so far as can be determined, was without hearing any predicative evidence as re-

quired by *Burk v. City of Oklahoma City,* 598 P.2d 659 (Okl.1979).

This appeal was filed March 25, 1985, contending it was error for the court to sustain a summary judgment for defendant and to issue the later consequential orders lifting the stay of execution in the forcible entry suit and awarding the attorney fee.

## II

The pivotal question is whether the undisputed facts are such that the trial court was required to conclude as a matter of law that plaintiffs' claim is barred by the statute of limitations.

We hold they are not.

The trial court's journal entry of judgment does not disclose what statute of limitation it applied but it does disclose that it did not apply the equitable doctrine of laches to this proceeding in equity. In support of their summary judgment the defendants contend the 3-year limitation prescribed for an "action upon a contract express or implied not in writing...." in 12 O.S.1981 § 95 (Second) governs what they refer to as plaintiffs' action "to quiet title in five (5) acres of a forty (40) acre tract...." The argument is that plaintiffs' cause of action arose in 1971 "at the moment" Bessie made the forty-eighth payment.[3]

This legal thesis is not tenable. In the first place plaintiffs' action—and for that matter the counterclaim—are both of equitable cognizance so that it makes no difference whether plaintiffs' claim be considered one seeking specific performances of an executed oral contract for deed or to quiet their title. This means, of course, that the doctrine of laches applies and not a statute of limitations. *Hester v. Watts,* 203 Okl. 97, 218 P.2d 641 (1950). And even though the chancellor will ordinarily adopt the limitations prescribed for actions at law, circumstances may call for not doing

**3.** As an aside, a problem would arise with this legal theory if one were to assume the 3-year statute applied in that for a cause of action to arise there has to be some kind of a breach of a legal obligation by the potential defendant. Here we would expect that defendant Roger

would have a reasonable time to deliver a deed. Moreover, equity would surely not reward his repeated promises to perform and his request for a survey with a strict adoption of the statute of limitation period as a measure of a bar by laches.

so. Here, for example, if one considers plaintiffs' action as being one to quiet title, then no limitation-related laches will operate to bar their cause so long as they remain in full possession of and claim title to the subject five acres. *Woods v. Phillips Petroleum Co.*, 207 Okl. 490, 251 P.2d 505 (1952).[4]

 In the second place, the legal fact is that if the action be considered one for specific performance of an oral contract for deed, the trial court adopted the wrong limitation statute by which to measure the laches of plaintiffs. Specific performance of an oral contract for purchase of real estate, as we said, is controlled by principles of equity and where laches are relied on as a defense defendants must prove actual fraud on the part of plaintiffs as well as delay which injuriously or detrimentally misled them. Absent such proof equity will adopt the applicable legal limitation period which in a factual situation such as the one we have here is the 15-year limitation period prescribed in 12 O.S.1981 § 93(4). *Miller v. Roberts*, 140 Okl. 271, 282 P. 1104 (1929).[5]

*Miller*, we emphasize, makes it unequivocally clear that courts of equity will enforce a parol agreement for specific performance where the vendee has paid the consideration, has taken possession of the premises in good faith, and has made permanent improvements thereon with the knowledge of vendor.

### III

The summary judgment appealed is vacated and the cause is remanded for further proceedings according to law.

RAPP, J., concurs.

MEANS, J., concurs in result.

---

4. Indeed an action to quiet plaintiffs' title would seem to be quite appropriate since equity treats things agreed to be done as done and thus where all that remains to be done in a real estate sale contract situation is for vendor to execute a deed such vendor is treated in equity as a trustee for the vendee equitable title holder. *Ware v. Hall,* 116 Okl. 70, 243 P. 740 (1925).

5. Equitable principle applied in a case not involving specific performance with the further significant observation that a delay in bringing an action is excusable where it is induced by the adverse party.