**ZILKHA ENERGY COMPANY,**
Plaintiff–Appellant,

v.

Arthur **LEIGHTON**, Verna Leighton, George W. Leighton, Susan Kay Stansberry, Ann E. Thompson, and Michael Frank Thompson, **Defendants–Appellees.**

No. 89–6306.

United States Court of Appeals, Tenth Circuit.

Dec. 10, 1990.

William A. Johnson (David E. Pepper with him on the briefs), of Linn & Helms, Oklahoma City, Okl., for plaintiff-appellant.

James C. Bass (Roger D. Everett with him on the briefs), of Porta, Bass, Bass and Everett, P.C., El Reno, Okl., for defendants-appellees.

Before MOORE, TACHA and BRORBY, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

This is an appeal from the dismissal of a complaint seeking recovery of alleged overpayments of oil and gas royalties. Plaintiff, successor to a chapter 11 debtor in possession, sought recovery on three theories, including a bankruptcy law claim of a trustee's right to pursue actions as an hypothetical lien creditor under 11 U.S.C. § 544(a)(1). The district court dismissed the action as time barred. While part of the court's reasoning led to the right conclusion on the bankruptcy issues, the judgment must be reversed for further consideration of whether laches bars recovery on plaintiff's state law equitable claim.

Plaintiff Zilkha Energy Company, on March 14, 1989, filed an amended complaint [1] in the United States District Court

---

1. An original complaint had been filed on January 29, 1989, but the only basis for recovery

for the Western District of Oklahoma asserting that it had filed a chapter 11 petition for reorganization in September 1984.[2] It further averred that in July 1983 Zilkha overpaid each of the defendants his or her share of the royalties of an oil and gas lease. Plaintiff claimed that each defendant knew of the overpayment and nonetheless failed to notify Zilkha of its error. Zilkha asserted it did not discover the overpayments until March 1987.[3] Plaintiff claimed the overpayment "constitutes a preference under § 548 of the Bankruptcy Code and also constitutes a transfer that may be avoided by Zilkha under § 544 of the Bankruptcy Code." On the basis of this predicate, plaintiff sought restitution and damages for unjust enrichment.

Defendants moved under Fed.R.Civ.P. 12(b)(6) to dismiss the amended complaint on the ground that it was "not filed within the time allowed by law as provided by 12 O.S. § 95, [the Oklahoma statute of limitations for contract actions] and other applicable statutory case law." Defendants further contended the alleged overpayment was not a preferential transfer under § 548 of the Bankruptcy Code, and summarily argued § 544 did not apply to the case because the defendants are not creditors of the chapter 11 debtor. Defendants asserted § 544 applies only to "the rights of the trustee of a bankrupt as against the creditors of the bankrupt."

Plaintiff responded, contending the state statute of limitations was not applicable because the action was in equity governed only by the doctrine of laches.[4] Plaintiff

further argued as a debtor in possession it was vested with the rights and powers of a bankruptcy trustee, one of which was to assert claims as an hypothetical lien creditor under § 544 of the Bankruptcy Code. Following that basis, plaintiff claimed Oklahoma law would permit one of its lien creditors to maintain an action to recover from a third party an "equitable interest" possessed by Zilkha. Okla.Stat.Ann. tit. 12, § 841 (1988); *Rucks–Brandt Const. Corp. v. Silver*, 194 Okl. 324, 151 P.2d 399 (1944).

The district court granted defendants' motion to dismiss. Analyzing the amended complaint, the court concluded plaintiff's action was grounded in the lease and rejected the claim of restitution and unjust enrichment as "form over substance." As such, the suit was barred by the Oklahoma five-year statute of limitations. Next the court concluded plaintiff could not maintain an action for fraudulent concealment because "fraudulent concealment of an overpayment cannot be perpetrated upon the party who issued the check." Because plaintiff discovered the error from its own books and records, the court stated, "[c]ommon sense dictates that Plaintiff now cannot be heard to complain that Defendants 'concealed' that which existed in Plaintiff's records."[5] Relying upon 11 U.S.C. § 547(b)(4)(A), the court concluded plaintiff could not assert a claim under § 547 of the Bankruptcy Code because the transfer was not allegedly made within ninety days of

---

claimed in that complaint was restitution for monies mistakenly paid. The bankruptcy theories were not advanced until the filing of the amended complaint.

2. We assume plaintiff meant its predecessor, Towner Petroleum Company, had filed the petition. No issue has been made of this oversight.

3. In its briefs in this court, Zilkha improperly elaborates on the facts, but, since the action was dismissed· under Fed.R.Civ.P. 12(b)(6), only the facts contained in the complaint are before us.

4. Plaintiff argued, in the alternative, if the statute of limitations did apply, it had been tolled by the defendants' fraudulent concealment of the overpayment. The amended complaint,

however, contains no averment of fraud. While plaintiff contended the defendants ·"concealed and failed to disclose to Zilkha that he [sic] had mistakenly received monies representing royalty proceeds to which he [sic] was not entitled," neither the word "fraud" nor any particular averment thereof appears in the complaint.

5. Obviously guided by the penchant of both parties to rely upon matters extraneous to the issues of defendants' Rule 12(b)(6) motion, the trial court disposed of other issues upon facts appearing in documents other than the complaint. The record does not indicate the court converted the motion to dismiss to a motion for summary judgment as provided by Rule 12(b)(6), but plaintiff has not appealed this aspect of the court's ruling.

the filing of the petition.[6] Finally, the court held plaintiff was not entitled to assert a claim under § 544 because that section "concerns a trustee avoiding transfer of property by creditors."

■ The dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6) presents a question of law which we review *de novo. Bishop v. Federal Intermediate Credit Bank of Wichita,* 908 F.2d 658, 663 (10th Cir.1990). In doing so, we accept all factual allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Id.*

From our review, we conclude the district court incorrectly analyzed the bankruptcy claims, but nonetheless reached the proper result. Aside from attributing plaintiff's § 548 avoidance claim to a § 547 preference action, the court misconstrued the significance of § 544.[7]

■ To understand the full import of § 544, one must first understand the power of a bankruptcy trustee to stand in the shoes of an hypothetical creditor of the debtor to effect a recovery from a third party. Simply stated, from the reservoir of equitable powers granted to the trustee to maximize the bankruptcy estate, Congress has fashioned a legal fiction. Not only is a trustee empowered to stand in the shoes of a debtor to set aside transfers to third parties, but the fiction permits the trustee also to assume the guise of a creditor with a judgment against the debtor. Under that guise, the trustee may invoke whatever remedies provided by state law to judgment lien creditors to satisfy judgments against the debtor. *See generally 4 Col-*

*lier on Bankruptcy* ¶ 544.01 (15th ed. 1990).

■ In Oklahoma, judgment lien creditors have a right to look to "any equitable interest" of a judgment debtor for satisfaction of the judgment. Okla.Stat.Ann. title 12, § 841 (1988).[8] Thus, employing the power granted in 11 U.S.C. § 544(a)(1), an Oklahoma trustee in bankruptcy could file an appropriate action to enforce the creditor's right granted by Okla.Stat.Ann. title 12, § 841 (1988). For that reason, the court incorrectly concluded § 544 was inapplicable to this case.

That leaves for consideration only two questions: 1) Is a chapter 11 debtor in possession a "trustee" for the purpose of § 544(a)(1); and 2), if so, then did plaintiff sufficiently assert compliance with the bankruptcy statute of limitations to overcome the motion to dismiss? The answer to both these questions is found within the Bankruptcy Code.

■ First, a debtor in possession is clothed with all powers of a trustee. 11 U.S.C. § 1107(a) ("[A] debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties ... of a trustee.) There is no limitation on a trustee's power to recover transfers under § 544, so we must assume that power is included with those vested by § 1107(a). Finally, a debtor is the debtor in possession by definition, 11 U.S.C. § 1101(1), and continues to serve in that capacity until replaced by the court pursuant to 11 U.S.C. § 1104. Accordingly, having averred in the complaint that it had filed a chapter 11 proceeding,[9] plaintiff had sufficiently stated the first operative fact

---

**6.** Some confusion appears because plaintiff's claim was for avoidance under § 548, not § 547, but the confusion is not significant under the circumstances of this case.

**7.** Section 544 states:
(a) the trustee shall have, as of the commencement of the case, ... the rights and powers of or may avoid any transfer of property of the debtor ... that is voidable by—
(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on

all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; ...

**8.** We do not resolve whether a mistaken transfer of funds results in the creation of such an "equitable interest" or whether § 841 is enforced by the filing of a complaint. Those matters are not before us.

**9.** This assumes a liberal construction of the amended complaint.

to escape dismissal for failure to state a claim.

The question of the timeliness of the action is also governed by 11 U.S.C. § 546(a), which states: "An action or proceeding under section 544, 545, 547, 548, or 553 of this title many not be commenced *after the earlier of*—(1) two years after the appointment of a trustee under section ... 1104 ... of this title; or (2) the time the case is closed or dismissed." (Emphasis added.)

Plaintiff argues its complaint was timely filed under § 546(a) because, as debtor in possession, it was not a trustee "appointed under section 1104" and the underlying chapter 11 case has not been closed or dismissed. While the latter fact must be taken as true for the purpose of a Rule 12(b)(6) motion, we do not regard it significant.

■■■ The key to this case is the scope of § 546(a), and the question to resolve is whether a debtor in possession is subject to the same two-year statute of limitations as an appointed trustee. We believe § 546 is ambiguous; therefore, it must be construed. We do not believe that Congress intended to limit actions filed by an appointed trustee to two years without making the same restriction apply to a debtor in possession who is the functional equivalent of an appointed trustee. Because of the virtual identity of function between a trustee and a debtor in possession, there would be no reason to create a different limitation period for the filing of actions by the two fiduciaries. Moreover, when the balance of § 546 is considered, it is even more apparent that Congress intended for the word "trustee" to apply to a debtor in possession, for every reference to actions brought by a trustee contained in § 546

obviously applies to actions brought by a debtor in possession. A contrary analysis would deprive § 546 of significance in the majority of recovery actions filed in chapter 11 cases.[10]

Consequently, we construe § 546(a)(1) to apply to actions filed by a debtor in possession, and we believe the period of limitation begins to run from the date of the filing of a petition for reorganization under chapter 11.[11] We reach that conclusion because the debtor becomes a debtor in possession on that date. Following this analysis, it is clear the trial court correctly dismissed the bankruptcy actions filed by plaintiff because those actions were commenced long after two years from the filing of the petition for reorganization.[12]

■■■ Having arrived at this point, we must now consider the remaining aspect of the trial court's disposition. Plaintiff argues the court erred in concluding the action was grounded in contract and failing to recognize the equitable nature of the complaint.

Zilkha asserts the trial court failed to recognize that actions for restitution based on unjust enrichment are equitable in nature. We agree. *See Lovell v. City of Altus*, 118 Okl. 106, 246 P. 468 (1925). This agreement does not end the inquiry, however. Oklahoma courts have not had many occasions to expand upon the concepts of limitation of actions and the doctrine of laches, but *Pearson v. Hall*, 719 P.2d 480, 482–83 (Ct.App.Okla.1986), is somewhat helpful. In *Pearson*, the Oklahoma Court of Appeals stated, even if an action is in equity, courts should adopt the legal statute of limitations as a guide for applying laches. However, as noted by the

**10.** Plaintiff cites *Alithochrome Corp. v. East Coast Finishing Sales Corp.*, 53 B.R. 906 (Bankr. S.D.N.Y.1985), which reached the opposite conclusion. We do not find that case persuasive because no consideration was given to the ambiguity of § 546(a)(1).

**11.** We take no position on whether a subsequent appointment of a trustee in a chapter 11 case would change the analysis. *See Boatman v. E.J. Davis Co.*, 49 B.R. 719 (Bankr.D.Conn.1985).

While we perceive that to be a distinguishable circumstance requiring a different analysis, we leave the issue for a case in which that situation arises.

**12.** We make no determination of whether this action was a core proceeding under 28 U.S.C. § 157. Whether the complaint should have been filed in the bankruptcy court has not been raised by any party; therefore, we do not resolve that question.

*Pearson* court, "circumstances may call for not doing so." *Id.* at 482.

In this case, the district court applied the statute of limitations without consideration either of the doctrine of laches or of the possibility of there being other factors which might control its application. We therefore believe we must remand for that consideration. In doing so, however, we do not imply that those conditions exist.

AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.