In re **ROYAL ACQUISITION CORPORATION, Debtor.**

Saul **EISEN, Liquidating Trustee,**

v.

**HAROLD FREEMAN COMPANY, Defendant.**

Bankruptcy No. 92–10153.
Adv. No. 94–1058.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

May 20, 1994.

Enid L. Kushner, Javitch, Block, Eisen & Rathbone, Cleveland, OH, for plaintiff.

James M. Lawniczak, Calfee, Halter & Griswold, Cleveland, OH, for defendant.

*MEMORANDUM OF OPINION AND ORDER*

RANDOLPH BAXTER, Bankruptcy Judge.

In this proceeding, the liquidating trustee Saul Eisen (Trustee) filed his Complaint To Recover Voidable Preference. Defendant Harold Freeman Company (Freeman) filed its Motion To Dismiss for failure to state a claim upon which relief could be granted. Upon a hearing of the motion, the following constitutes the Court's findings of fact and conclusions of law:

The operative facts are generally not in dispute. Royal Acquisition Corporation (The Debtor) sought relief by filing its voluntary petition under Chapter 11 of the Bankruptcy Code [11 U.S.C. 101 *et seq.*] on January 13, 1992. Saul Eisen was appointed as liquidation trustee on March 16, 1992. The Trustee's Complaint was filed on March 4, 1994.

■ The issue for determination is whether the term "trustee", as provided in § 546(a) of the Code, is to be used synonymously with the term Debtor/Debtor-in-possession in construing the two-year limitation period of § 546(a). In support of its dismissal motion, Freeman argues that the terms should be construed synonymously, effectively placing the Trustee's Complaint beyond the two-year limitation period. The Trustee argues that the terms should not be so construed, which results in the Trustee's Complaint being filed within the limitation period.

Addressing limitations on avoiding powers, § 546 of the Code provides:

546(a):

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

[11 U.S.C. 546(a) ]

■ Significantly, the avoidance statutes enumerated under § 546(a) are clear references to avoiding powers exercisable principally by a case trustee. Additionally, under

subsection (a)(2), the Congress deliberately speaks of the "appointment" of a trustee under five specific trustee appointment statutes. This language certainly and correctly omits any reference to a debtor, as debtors nor debtors-in-possession are appointed. Rather, they are created by operation of law upon petition filing. Had Congress intended otherwise, it easily could have inserted § 1107, rather than § 1104, into § 546(a)(1) to indicate that the tolling commences with the creation of a Chapter 11 debtor-in-possession. Apparently, it elected not to do so. Where no trustee is appointed in a case, however, some courts have allowed a debtor-in-possession to exercise certain trustee avoiding powers where there was a benefit to the debtor's estate and where such action was taken within the limitation period of § 546(a). *Construction Management Svcs. v. Manufacturers Hanover Trust Co.*, 13 F.3d 81 (3d Cir.1994); *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir.1990); *In re Hupp Industries*, 165 B.R. 836 (Bankr. N.D.Ohio 1994). Such construction is proper and is not inconsistent with the ruling herein.

■ In the instant matter, however, a trustee was appointed. Where a trustee is duly appointed in a Chapter 11 case, the avoidance limitation period of § 546(a) begins to run from the date of trustee appointment and not the petition filing date. In this regard, the language of § 546(a) could not be clearer.

Accordingly, the Defendant's motion to dismiss is hereby denied.

IT IS SO ORDERED.