72 F.3d 816
 64 USLW 2463, 28 Bankr.Ct.Dec. 397, Bankr.
L. Rep. P 76,736
 James S. STARZYNSKI, Liquidating Agent, Plaintiff-Appellant,
v.
SEQUOIA FOREST INDUSTRIES, doing business as Dinuba Timber
Industries, Inc.; Robert E. Welch; Hampton Lumber Sales;
Robert F. Welch; Temple-Inland Forest Products Corporation,
a subsidiary of Temple Eastex; Cheshire Sales Company;
Louisiana Pacific Corporation; Precision Pine & Timber,
Inc.; Lumber, Inc.; Thunderbird Steel Corporation; Westar
Timber Ltd.; Ponderosa Timber Company; Shollenbarger Wood
Treating; Rust Equipment; Hacienda Home Centers, Inc.;
Best Log Ind., Defendants-Appellees.
 No. 94-2284.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 26, 1995.
 
 Douglas T. Francis and James S. Starzynski, of Francis & Starzynski, P.A., Albuquerque, New Mexico, for appellant.
 Paul M. Fish, of Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico, for appellees Sequoia Forest Industries; Temple-Inland Forest Products Corporation; Cheshire Sales Company; Lumber, Inc.; Westar Timber Ltd.; Ponderosa Timber Company; Rust Equipment; and Hacienda Home Centers, Inc.
 John F. Caffrey, of John F. Caffrey, P.A., of Albuquerque, New Mexico, on the brief for Hampton Lumber Sales, Precision Pine & Timber, Inc., Shollenbarger Wood Treating, and Thunderbird Steel Corporation.
 William Casey, of Keleher & McLeod, P.A., of Albuquerque, New Mexico, and David W. Hercher, of Miller, Nash, Wiener, Hager & Carlsen, of Seattle, Washington, on the brief for Louisiana-Pacific Corporation.
 Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.*
 BRISCOE, Circuit Judge.
 
 
 1
 Appellant James S. Starzynski was appointed as liquidating agent of the debtor Sound Building Products, Inc., by confirmation of a liquidating Chapter 11 bankruptcy plan. The plan provided Starzynski with authority to prosecute and settle all claims to avoid any transfers, liens, or setoffs that Sound Building could make under the Bankruptcy Code. Starzynski brought these fourteen consolidated adversary proceedings, seeking to avoid preferential transfers made by Sound Building within one year of commencement of the bankruptcy proceedings.
 
 
 2
 The bankruptcy court dismissed the adversary proceedings on the ground they were barred by the two-year statute of limitations of 11 U.S.C. Sec. 546(a)(1) (1993) (amended 1994). Starzynski appeals the judgment of the district court affirming the decision of the bankruptcy court. We affirm after concluding an estate representative appointed under 11 U.S.C. Sec. 1123(b)(3) (1993) is not a trustee within the meaning of Sec. 546(a) whose appointment would commence the running of the two-year statute of limitations in which to file adversary proceedings. Here, adversary proceedings filed beyond two years after commencement of the Chapter 11 case are barred. While our resolution of this appeal turns upon statutory interpretation, we also deny Starzynski's motion to strike appellees' supplementary appendix and those portions of appellees' brief that rely on the supplementary appendix for support.
 
 
 3
 Sound Building was experiencing financial problems and, in April 1989, one of its creditors filed an involuntary Chapter 7 bankruptcy case against it. On June 5, 1989, Sound Building consented to entry of an order for relief, but converted the case to one under Chapter 11. The bankruptcy court entered the order for relief on June 26, 1989. A trustee was not appointed at any time.
 
 
 4
 On August 18, 1990, the bankruptcy court confirmed a liquidating plan that provided for appointment of Starzynski as liquidating agent to pursue all causes of action of the debtor and the estate, including actions for voidable transfers. Starzynski filed these adversary proceedings on August 19, 20, and 24, 1992, seeking to avoid preferential transfers under 11 U.S.C. Sec. 547 (1993).
 
 
 5
 Defendants moved to dismiss, arguing the claims were barred by the two-year statute of limitations of Sec. 546(a)(1), which under Zilkha Energy Co. v. Leighton, 920 F.2d 1520 (10th Cir.1990), began to run on the date the order for relief was entered. Starzynski argued under Zilkha, 920 F.2d at 1524, footnote 11, a new two-year period began to run upon his appointment as liquidating agent because he was the functional equivalent of a trustee. The bankruptcy court ruled the limitations period expired two years after entry of the order for relief, and the district court affirmed the ruling.
 
 
 6
 The sole issue presented is whether the district court erred in ruling the adversary proceedings brought by the liquidating agent were barred by the two-year statute of limitations of 11 U.S.C. Sec. 546(a)(1) (1993),[1] which provided:(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of--
 
 
 7
 (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
 
 
 8
 (2) the time the case is closed or dismissed.
 
 
 9
 In Zilkha, this court held a Chapter 11 debtor-in-possession is subject to the two-year period of former Sec. 546(a)(1) because under 11 U.S.C. Sec. 1107(a) (1993), a debtor-in-possession is the functional equivalent of a trustee. Because the debtor became the debtor-in-possession upon commencement of the case by filing its petition for reorganization, the period began running on the date of filing. Consequently, the preference actions filed by the debtor's successor company more than two years after that date were barred. 920 F.2d at 1523-24.
 
 
 10
 Here, because the case began as an involuntary Chapter 7 bankruptcy, and was later converted to Chapter 11 on the debtor's motion, the debtor became debtor-in-possession upon entry of the order for relief rather than upon filing of the involuntary Chapter 7 petition. See 11 U.S.C. Secs. 301, 303(f) (1993). It follows from Zilkha that the two-year statute of limitations would run from the date of entry of the order for relief. That period expired more than a year before Starzynski filed the actions.
 
 
 11
 I. Zilkha questioned.
 
 
 12
 Starzynski contends Zilkha was wrongly decided and should be overruled. Three circuits have followed Zilkha. See In re Century Brass Products, 22 F.3d 37 (2d Cir.1994); In re Coastal Group, 13 F.3d 81 (3d Cir.1994); In re Softwaire Centre Int'l, 994 F.2d 682 (9th Cir.1993).
 
 
 13
 Starzynski relies on In re Maxway Corp., 27 F.3d 980, 982-85 (4th Cir.), cert. denied --- U.S. ----, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994), where the court followed the "overwhelming majority" of bankruptcy and district courts in rejecting Zilkha and holding the two-year statute of limitations of former Sec. 546(a)(1) does not apply to a debtor-in-possession. See, e.g., In re National Steel Service Center, 170 B.R. 745, 747-48 (Bankr.N.D.Ga.1994); In re Pullman Const. Industries, 132 B.R. 359, 364 (Bankr.N.D.Ill.1991). Zilkha has also been subject to criticism. See 5 Collier on Bankruptcy p 1107.02(3)(a) (Lawrence P. King ed., 15th ed. 1995); P. Carroll, Statutory Construction by the Ninth Circuit in Recent Bankruptcy Cases, 22 Cal.Bankr.J. 262 (1995); G. Smith & F. Kennedy, Fraudulent Transfers and Obligations: Issues of Current Interest, 43 S.C.L.Rev. 709 (1992).
 
 
 14
 In Maxway, the court reasoned that under the plain language of the statute, the limitations period applies only when a trustee is appointed under one of the specifically enumerated sections of the Bankruptcy Code. The court noted that debtors-in-possession are unlikely to commence avoidance actions because they are more interested in preserving relationships with creditors than in maximizing the size of the estate. The court further stated that if the two-year period applied, debtors might actively seek to delay a Chapter 11 case beyond the two-year period to prevent avoidance actions against family or friends. The court reasoned that postponing the start of the two-year statute until appointment of a trustee who is likely to bring an avoidance action prevents a debtor's delay in bringing the action from penalizing the unsecured creditors who would benefit from the action. 27 F.3d at 982-85.
 
 
 15
 While the rationale of Maxway is compelling on the question of whether the two-year statute of limitations should apply to a debtor-in-possession, we are bound by Zilkha for whatever precedent it may provide us to determine the liquidating agent question presented. One panel of the court cannot overrule the decision of another panel in the absence of en banc reconsideration or an intervening decision of the United States Supreme Court. See In re Smith, 10 F.3d 723, 724 (10th Cir.1993), cert. denied --- U.S. ----, 115 S.Ct. 53, 130 L.Ed.2d 13 reh'g denied --- U.S. ----, 115 S.Ct. 615, 130 L.Ed.2d 523 (1994).
 
 
 16
 II. Applicability of statute of limitations of former Sec. 546(a)(1) to an estate representative appointed under Sec. 1123(b)(3) who is neither a trustee nor a debtor-in-possession.
 
 
 17
 Starzynski also contends he had two years from the date of his appointment as liquidating agent in which to file the actions. In Zilkha, a trustee was never appointed, and the court noted:
 
 
 18
 We take no position on whether a subsequent appointment of a trustee in a chapter 11 case would change the analysis. See Boatman v. E.J. Davis Co., 49 B.R. 719 (Bankr.D.Conn.1985). While we perceive that to be a distinguishable circumstance requiring a different analysis, we leave the issue for a case in which that situation arises.
 
 
 19
 920 F.2d at 1524, n. 11. Starzynski argues this case presents the issue described in footnote 11 because, as liquidating agent, he is the functional equivalent of a trustee. As the court noted in Zilkha, it may be that under former Sec. 546(a)(1) a subsequently appointed trustee would have two years in which to file actions. See In re C & R Beer & Soda, 186 B.R. 173, 178-79 (Bankr.E.D.N.Y.1995). But see In re IRFM, 65 F.3d 778, 780 (9th Cir.1995). However, Starzynski is not a trustee appointed under one of the listed sections of Sec. 546(a) of the Bankruptcy Code, but is a representative of the estate appointed under Sec. 1123(b)(3) to retain and enforce any claim or interest belonging to the debtor or to the estate.[2]
 
 
 20
 Whether former Sec. 546(a)(1) applies to an estate representative appointed under Sec. 1123(b)(3) is an issue of statutory construction. The starting point in analyzing this issue must be the language of the statute. If the language is clear and unambiguous, judicial inquiry is at an end in all but the most extraordinary circumstances. Unless the plain language of the statute would produce a result demonstrably at odds with the intention of its drafters, the court must give effect to the clear meaning of the statute as written. United States v. Ron Pair Enterprises, 489 U.S. 235, 241-42, 109 S.Ct. 1026, 1030-31, 103 L.Ed.2d 290 (1989). See Patterson v. Shumate, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). Cf. Dewsnup v. Timm, 502 U.S. 410, 419-20, 112 S.Ct. 773, 779-80, 116 L.Ed.2d 903 (1992) (Court reluctant to interpret ambiguous provision of Bankruptcy Code to work major change in pre-Code practice absent some discussion in legislative history).
 
 
 21
 There is no basis in the statutory language for restarting the two-year statute of limitations of Sec. 546(a)(1) upon appointment of an estate representative under Sec. 1123(b)(3). The two-year statute of limitations of Sec. 546(a)(1) expressly commenced upon "appointment of a trustee" under five specific sections of the Bankruptcy Code. As construed in Zilkha, it also commences when a Chapter 11 debtor first becomes a debtor-in-possession because Sec. 1107(a) makes a debtor-in-possession the functional equivalent of a Chapter 11 trustee, which has all of the rights and powers of and is subject to the limitations on a Chapter 11 trustee. See Century Brass, 22 F.3d at 39-40; Zilkha, 920 F.2d at 1523-24. This construction is controversial, see, e.g., Maxway, 27 F.3d 980, but is based on the language of the Bankruptcy Code.
 
 
 22
 The language of Sec. 1107(a) cannot be stretched to make an estate representative appointed under Sec. 1123(b)(3) a trustee within the meaning of Sec. 546(a)(1). Nor does Sec. 1123(b)(3) do so; it provides merely that a Chapter 11 plan may provide for:
 
 
 23
 (A) the settlement or adjustment of any claim or interest belonging to the debtor or to the estate; or
 
 
 24
 (B) the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any such claim or interest.
 
 
 25
 It is true that Sec. 1123(b)(3) permits an estate representative who is neither a trustee nor a debtor-in-possession acting as a trustee to bring preference claims under 11 U.S.C. Sec. 547 (1993) that are ordinarily brought by the trustee or the debtor-in-possession. See In re Sweetwater, 884 F.2d 1323, 1327-29 (10th Cir.1989). However, the statutory language of Secs. 546(a), 1107(a), and 1123(b)(3) provides no basis for concluding a non-trustee appointed as an agent representative under Sec. 1123(b)(3) is a trustee within the meaning of Sec. 546(a). Thus, appointment of an estate representative who is neither a debtor nor a trustee cannot start the running of the two-year statute of limitations of Sec. 546(a)(1). See National Steel, 170 B.R. at 749-50; In re Mars Stores, 150 B.R. 869, 878 (Bankr.D.Mass.1993). But see In re Iron-Oak Supply Corp., 162 B.R. 301, 308-09 (Bankr.E.D.Cal.1993); In re Gibbons-Grable Co., 142 B.R. 164, 165-66 (Bankr.N.D.Ohio 1992).
 
 
 26
 Because Zilkha starts the two-year statute of limitations running upon commencement of a Chapter 11 case as well as upon appointment of a trustee, an estate representative appointed under Sec. 1123(b)(3) will not have two years in which to file preference and other avoidance claims. Unless the appointment of a trustee starts the two-year period running anew, the estate representative must file preference and other avoidance actions that are subject to Sec. 546(a) within two years of commencement of the Chapter 11 case. If a trustee is appointed, the representative would have two years from that appointment in which to file actions.
 
 
 27
 Although this construction gives estate representatives who are neither trustees nor debtors less than two years in which to file preference and other avoidance claims assigned to them under Sec. 1123(b)(3), it does not thwart an obvious legislative purpose by making it impossible for a representative appointed under Sec. 1123(b)(3) to timely enforce those claims. Here, for example, Starzynski was appointed approximately 14 months after commencement of the Chapter 11 action and had ten months in which to file the claims. Moreover, creditors are not helpless when a debtor-in-possession refuses to bring avoidance actions and the statute of limitations is nearing expiration. Under 11 U.S.C. Sec. 1104 (1993), any party in interest may request appointment of a trustee, and under 11 U.S.C. Sec. 1109(b) (1993), a creditors' committee or even an individual creditor may, with leave of the bankruptcy court, initiate avoidance and other actions when the debtor-in-possession has failed to do so. See, e.g., Louisiana World Exposition v. Federal Ins. Co., 858 F.2d 233, 247 (5th Cir.1988); In re Fugazy, 150 B.R. 103, 105 (Bankr.S.D.N.Y.1993). But see In re Wilson, 77 B.R. 532, 535-36 (Bankr.W.D.Va.1987) (although Sec. 1109(b) is unavailable, Secs. 105(a) and 1104 are available remedies when debtor-in-possession refuses to initiate adversary proceedings). Alternatively, parties could seek an order extending the deadline for filing. See P. Hoffman, Avoiding Powers: Special Bankruptcy Rights to Attack Claims or Liens and Recover Transfers, in Small Business Bankruptcy Reorganizations 257, 281 (James A. Pusateri et al. eds., 1994).
 
 
 28
 III. Alleged improper factfinding by bankruptcy court in determining whether Starzynski was functional equivalent of trustee.
 
 
 29
 Starzynski argues the bankruptcy court's ruling that he was the functional equivalent of a trustee rather than the debtor-in-possession was a conclusion of law subject to de novo review. In the alternative, he contends the court improperly resolved an issue of fact in deciding a motion to dismiss and made findings of fact unsupported by the record on whether an estate representative appointed under Sec. 1123(b)(3) is the functional equivalent of a trustee.
 
 
 30
 The issue before the court was whether the statute of limitations of Sec. 546(a)(1) applies to a Sec. 1123(b)(3) estate representative who is neither a debtor-in-possession nor a trustee appointed under one of the listed sections of the Bankruptcy Code. Construction of a statute is an issue of law. See Onwuneme v. INS, 67 F.3d 273, 275 (10th Cir.1995). In resolving the issue, the bankruptcy court did not need to resolve issues of fact, and the record shows that it did not purport to do so.
 
 
 31
 IV. Whether the terms of the plan gave Starzynski two years from date of appointment to file the actions.
 
 
 32
 Starzynski also contends the plan treated him as the functional equivalent of a trustee, giving him two years from the date of his appointment to file the actions. Whether Starzynski is the functional equivalent of a trustee or the debtor-in-possession is irrelevant. The issue is whether he is a trustee within the meaning of Sec. 546(a)(1). As discussed, there is no statutory language that could make him a trustee under Sec. 546(a)(1).
 
 
 33
 Starzynski argues the plan shows the creditors had no intention of limiting his power to prosecute avoidance actions to those of the debtor-in-possession. He argues the plan gave him all of the rights of a trustee, including two years from the date of his appointment in which to file the actions. He relies on the following provision of the order confirming the plan, which gave the agent
 
 
 34
 all the rights and powers of a representative of the Estate and all the rights and powers set forth in the Plan including without limitation, the right to investigate, file, prosecute and settle any and all causes of action to avoid and recover any transfers, liens or setoffs the Debtor could avoid or recover under the provisions of the Bankruptcy Code, (including without limitation Secs. 544, 545, 546 ...).
 
 
 35
 (Appellant's appendix 233-34.) The order gave Starzynski all of the powers of a representative of the estate, but that could not make him a trustee within the meaning of Sec. 546(a)(1) or change the statutory language to include Sec. 1123(b)(3) estate representatives who are neither trustees nor debtors-in-possession.
 
 
 36
 Nor do the order and the virtually identical corresponding provisions of the plan expressly provide that Starzynski would have two years from the date of appointment to file the actions, and the phrase "without limitation" in the order cannot reasonably be read to do so, especially in light of the bankruptcy court's subsequent ruling that the statute of limitations expired before Starzynski filed the actions. Moreover, it is questionable whether the plan could extend the period during which preference actions could be filed, which is provided by statute. See In re Millers Cove Energy Co., 179 B.R. 77, 85 (Bankr.E.D.Tenn.1995) (Sec. 546(a) is a jurisdictional provision); In re Calvanese, 169 B.R. 104, 113-14 (Bankr.E.D.Pa.1994) (Sec. 546(a)(1) is a statute of repose that cannot be extended by a plan). But see, e.g., Matter of Texas General Petroleum Corp., 52 F.3d 1330, 1337-38 (5th Cir.1995) (Sec. 546(a) is not jurisdictional); Iron-Oak Supply, 162 B.R. at 307 (Sec. 546(a) not a statute of repose); In re Shape, 138 B.R. 334, 337-38 (Bankr.D.Me.1992) (Sec. 546(a) not jurisdictional and may be extended by agreement).
 
 
 37
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Oral argument was vacated and the case was ordered submitted on the briefs
 
 
 [1]
 The statute now reads (11 U.S.C. Sec. 546(a) (Supp.1995)):
 An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of--
 (1) the later of--
 (A) 2 years after the entry of the order for relief; or
 (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
 (2) the time the case is closed or dismissed.
 
 
 [2]
 Several cases cited by Starzynski do not support his contention that appointment of a Sec. 1123(b)(3) estate representative starts the running of the statute of limitations. In Maxway, 27 F.3d at 982-85, the court did not hold the statute of limitations began running upon appointment of an estate representative by a confirmed plan; the court held the statute never started to run because no trustee was appointed. In In re Royal Acquisition Corp., 167 B.R. 456 (Bankr.N.D.Ohio 1994), the court held the statute began running upon appointment of a liquidating trustee, but did not state the trustee was appointed under Sec. 1123(b)(3)
 National Steel, 170 B.R. at 749-50, supports the opposite proposition from that for which it is cited. The court held appointment of a Sec. 1123(b)(3) estate representative did not start the running of the statute of limitations. The court held the complaints timely after rejecting Zilkha, and held the statute did not begin running upon commencement of the chapter 11 case. Only in dicta did the court state that even if the statute started running upon appointment of the representative, the representative's complaints were timely because they were filed within two years of appointment.